UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

DUSHANNE ASHLEY,

                       Plaintiff,

   -against-

THE CITY OF NEW YORK, DETECTIVE
JASON JONES, shield # 6490, DETECTIVE
MIKE CIVIL, shield # 2114 SERGEANT LUKE
DENESOPOLIS, shield #392, POLICE OFFICERS
JANE/JOHN DOE(S) #'S 1-10,

                  Defendants.

————————————————————————X

**AMENDED COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

14-CV-05559

Plaintiff DUSHANNE ASHLEY, for his complaint, by his attorney LAW OFFICE OF

DAVID A. ZELMAN, and upon information and belief, respectfully alleges as follows:

## I.  PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff DUSHANNE ASHLEY (hereinafter

"ASHLEY" or "Plaintiff") seeks damages to redress the deprivation, under color of state

law, of rights secured to his under the Fourth, Fifth, Sixth, and Fourteenth Amendments

of the United States Constitution. On or about April 19, 2013 at approximately 5:00

A.M., ASHLEY was falsely arrested by employees of the City of New York. As a result

of the excessive force used by Defendants, ASHLEY suffered physical and mental

injuries.

## II.  JURISDICTION

2.    Jurisdiction is conferred upon the Court by 28 U.S.C. §1343 (3) and (4), which provides

for original jurisdiction in the court of all suits brought pursuant to 42 U.S.C. §1983, and

by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the

Constitution and laws of the United States.

III. <u>PARTIES</u>

3.     ASHLEY at all times relevant hereto resided in Brooklyn, NY.

4.     Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.     Defendant DETECTIVE JASON JONES, shield #6490 (hereinafter "JONES") was an NYPD police officers, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. JONES is sued in his official and individual capacity.

6.     Defendant DETECTIVE MIKE CIVIL, shield # 2114 (hereinafter "CIVIL") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. CIVIL is sued in his official and individual capacity.

7.     Defendant SERGEANT LUKE DENESOPOLIS, shield #392 (hereinafter "DENESOPOLIS") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. DENESOPOLIS is sued in his official and individual capacity.

8.     Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.  DOE(S) are sued in their official and individual capacity.

2

9.  At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. <u>FACTS</u>

10. On or about April 19, 2013 at approximately 5:00 A.M., police officers employed by CITY, including but not limited to Defendants, arrived at 125 East 18th Street, Apartment 5I.

11. Defendants entered the apartment and, according to the criminal court complaint signed by defendant CIVIL on April 19, 2013, observed ASHLEY "in possession of approximately two ounces of marihuana."

12. At approximately 5:00 A.M., ASHLEY received a phone call asking him to retrieve a dog from 125 East 18th Street, Apartment 5I.

13. At approximately 5:20 A.M., ASHLEY arrived at 125 East 18th Street, Apartment 5I and entered the apartment.

14. Police officers employed by CITY, including but not limited to defendants CIVIL and JONES arrested ASHLEY, and placed him in a police vehicle.

15. Defendants detained ASHLEY in the vehicle for approximately 12 hours before transporting him to the 70th Police Precinct.

16. Defendants strip searched ASHLEY at the Precinct.

17.   Defendants detained ASHLEY at the 70th Police Precinct for approximately 2 hours before transporting him to Central Booking.

18.   Defendants detained ASHLEY at Central Booking for approximately 30 hours.

19.   ASHLEY was arraigned on April 20, 2013, charged with criminal possession of marihuana in the fourth degree (PL 221.15), criminal possession of marihuana in the fifth degree (PL 221.10(2)), and unlawful possession of marihuana (PL 221.05), and released on his own recognizance.

20.   During the course of the criminal litigation, a video surfaced, demonstrating that the officers arrived at the location prior to Plaintiff.

21.   Following disclosure of the video in the criminal court case, on or about April 30, 2013, a superseding criminal court complaint signed by defendant CIVIL was filed in court, alleging that ASHLEY entered the location of the arrest after the officers.

22.   The complaint also included a previously undisclosed statement allegedly made by ASHLEY, which was, "in sum and substance, see this is what happens when you let strange people into our apartment."

23.   ASHLEY made approximately 12 appearances in court before all charges were dismissed on July 18, 2014, when the Honorable Judge Simpson ruled that the complaint was facially insufficient.

V.  FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

24.   Paragraphs 1 through 23 of the complaint are hereby realleged and incorporated by reference herein.

25.   That Defendants had neither valid evidence for the arrest of ASHLEY nor legal cause or excuse to seize and detain him.

26.   That in detaining ASHLEY without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. ASHLEY was but one of those persons.

27.   Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

28.   As a result of the above described  policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.  In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

29.   The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of ASHLEY's rights alleged herein.

30.   By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of ASHLEY's rights, subjected ASHLEY to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

31.    By reason of the foregoing, ASHLEY suffered physical injuries, mental injuries,

deprivation of liberty and privacy, terror, humiliation, damage to reputation and other

psychological injuries.  All of said injuries may be permanent.

VI. SECOND CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

32.    Paragraphs 1 through 31 are hereby realleged and incorporated by reference herein.

33.    That Defendants with malicious intent, arrested ASHLEY and initiated a criminal

proceeding despite the knowledge that ASHLEY had committed no crime.

34.    That all charges against ASHLEY were terminated in his favor.

35.    That there was no probable cause for the arrest and criminal proceeding.

36.    That by reason of Defendants' acts and omissions, Defendants, acting under the color of

state law and within the scope of their authority, in gross and wanton disregard of

ASHLEY's rights, deprived ASHLEY of his liberty when they maliciously prosecuted

him and subjected him to an unlawful, illegal and excessive detention, in violation of his

rights pursuant to the Fourth and Fourteenth Amendments of the United States

Constitution.

37.    That upon information and belief, Defendants had a policy and /or custom of maliciously

prosecuting individuals despite the lack of probable cause.  Thus, as a result of the above

described policies and customs, ASHLEY was maliciously prosecuted despite the fact

that he had committed no violation of the law.

38.    That upon information and belief it was the policy and /or custom of defendant CITY to

inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents

and employees, thereby failing to adequately discourage further constitutional violations

on the part of their officers, staff, agents, and employees.

6

39. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

40. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of ASHLEY's rights alleged herein.

41. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

42. That upon information and belief, in 2013, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

43. That by reason of the foregoing, ASHLEY suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity.  All of said injuries may be permanent.

VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

44. Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45. That Defendants failed to intervene when Defendants knew or should have known that ASHLEY's constitutional rights were being violated.

46. That Defendants had a realistic opportunity to intervene on behalf of ASHLEY, whose constitutional rights were being violated in their presence.

47.   That a reasonable person in the Defendants' position would know that ASHLEY's constitutional rights were being violated.

48.   That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of ASHLEY's rights, deprived ASHLEY of his liberty and maliciously prosecuted ASHLEY when they failed to intervene to protect ASHLEY from Defendants' use of perjured testimony and/or fabricated evidence and/or withholding of exculpatory evidence, in violation of ASHLEY's rights pursuant to Fourth and/or Fourteenth Amendments of the United States Constitution.

49.   That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from perjured testimony and/or fabricated evidence and/or withholding of exculpatory evidence by police officers. Thus, as a result of the above described policies and customs, ASHLEY was not protected from Defendants' unconstitutional actions.

50.   That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

51.   That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of ASHLEY's rights alleged herein.

53. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

54. That by reason of the foregoing, ASHLEY suffered loss of liberty and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL STRIP SEARCH)

55. Paragraphs 1 through 54 are hereby realleged and incorporated by reference herein.

56. That Defendants strip searched ASHLEY absent a requisite reasonable suspicion that ASHLEY was concealing weapons or contraband.

57. That Defendants had no legally sufficient cause to strip search ASHLEY.

58. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of his authority, in gross and wanton disregard of ASHLEY's rights, subjected ASHLEY to an illegal strip search, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

59. As a result of the above constitutionally impermissible conduct, ASHLEY were caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to her reputation and standing within her community.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

60.   Paragraphs 1 through 59 are hereby realleged and incorporated by reference herein.

61.   That Defendants had no legal cause nor excuse to detain ASHLEY for a prolonged period prior to arraignment.

62.   That Defendants detained ASHLEY excessively prior to arraignment in violation of ASHLEY's civil rights.

63.   That Defendants detained ASHLEY with ill will and/or negligently.

64.   That Defendants should have expeditiously investigated this matter and released ASHLEY.

65.   By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, deprived ASHLEY of his liberty when it subjected his to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

66.   That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

67.   That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

68.   That upon information and belief, it was the policy and/or custom of  Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby

failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

69.    That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

70.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of ASHLEY's rights alleged herein.

71.    That Defendant, through its officers, agents and employees, unlawfully incarcerated ASHLEY for an excessive period of time prior to arraignment.

72.    By reason of the foregoing, ASHLEY suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

XV. SIXTH CAUSE OF ACTION
Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

73.    Paragraphs 1 through 72 are hereby realleged and incorporated by reference herein.

74.    By fabricating evidence, defendants violated ASHLEY'S constitutional right to a fair trial.

75.    Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

76.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress,

anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, ASHLEY has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. ASHLEY has further experienced severe emotional and physical distress.

WHEREFORE, ASHLEY respectfully requests that judgment be entered:

1.   Awarding ASHLEY compensatory damages in a full and fair sum to be determined by a jury;

2.   Awarding ASHLEY punitive damages in an amount to be determined by a jury;

3.   Awarding ASHLEY interest from April 19, 2013 and

4.   Awarding ASHLEY reasonable attorney's fees pursuant to 42 USC § 1988; and

5.   Granting such other and further relief as to the Court deems proper.

DATED:      Brooklyn, New York
            April 13, 2015

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072