F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 0 6 2018   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DUSHANNE ASHLEY,

                  Plaintiff,

      -against-

THE CITY OF NEW YORK, DETECTIVE
JASON JONES, shield #6490, DETECTIVE
MIKE CIVIL, shield #2114, SERGEANT LUKE
DENESOPOLIS, shield #392, and POLICE
OFFICER JANE/JOHN DOE(S) #'S 1-10,

                  Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
**14-CV-5559 (NGG) (SMG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On July 7, 2017, this court issued a Memorandum and Order (the "M&O") granting in part and denying in part Defendant's motions for summary judgment and denying Plaintiff's cross-motions for summary judgment. (July 7, 2017, Mem. & Order ("M&O") (Dkt. 67).) On May 8, 2018, Plaintiff moved for reconsideration of the court's conclusion in the M&O that there remained a genuine issue of fact as to whether Plaintiff's deprivation of liberty came "as a result" of Defendant Civil's actions. (Mot. for Recons. ("Pl. Mot.") (Dkt. 81); Mem. in Supp. of Mot. ("Pl. Mem.") (Dkt. 82).) The court has reviewed Plaintiff's motion for reconsideration and concludes that it lacks merit. Accordingly, the motion is DENIED.

**I.   BACKGROUND**

The court provides a short summary of the facts pertinent to the motion for reconsideration.[1] Except as otherwise indicated, the facts in this section are not in dispute.

---

[1] The facts are set forth in greater detail in the M&O, as well as the Report and Recommendation ("R&R") filed on April 17, 2017, by Magistrate Judge Steven L. Gold. ((M&O at 2-4); (R&R (Dkt. 59) at 2-5).)

On September 22, 2014, Plaintiff commenced this action. (Compl. (Dkt. 1).) Plaintiff brings multiple claims under 42 U.S.C. § 1983, stemming from his April 19, 2013 arrest and subsequent prosecution for criminal possession of marijuana. Plaintiff was previously arrested twice inside of 125 East 18th Street, Apartment 5I, Brooklyn, New York (the "Apartment") for criminal possession of marijuana. (Defs. R. 56.1 Statement ("Defs. 56.1") (Dkt. 40) ¶¶ 6, 13-14.). Defendant Civil was present for both prior arrests, and in both cases the criminal complaint indicated that Plaintiff lived or resided at the Apartment. (Id. ¶¶ 9, 15-16.)

On April 19, 2013, Defendant Civil executed a search warrant at the Apartment. (Id. ¶ 20.) The search warrant listed the address of the Apartment and the name of one individual, Charles Patrick. Plaintiff was not named on the search warrant and alleges that he did not reside at the Apartment on April 19, 2013. (Pl. R. 56.1 Statement ("Pl. 56.1") (Dkt. 44) ¶¶ 9, 13.)

During his search, Defendant Civil found 18 small plastic bags of marijuana in the living room of the Apartment. (Id. ¶ 23.) Several of Plaintiff's possessions, including compact discs, a cat, and a dog, were in the Apartment. (Id. ¶ 29.) Defendants allege that "due to his prior involvement with [P]laintiff and [the] [A]partment," Defendant Civil "believed that the room where the marijuana was found was [Plaintiff's] room." (Id. ¶ 24.) Plaintiff denies this allegation. (Pl. R. 56.1 Counter Statement ("Pl. 56.1 Counter Statement") (Dkt. 45) ¶ 24.)

Plaintiff was not present at the Apartment when the search was conducted but he arrived shortly thereafter while officers were still in the Apartment and was placed under arrest. (Defs. 56.1 ¶¶ 27-28, 32-33.) Plaintiff was then transported to the police precinct where he alleges he was subjected to a strip search. (Id. ¶¶ 34-35.) Plaintiff was in custody for approximately 35 hours following his arrest. (Id. ¶ 38.)

Plaintiff was charged in state court with Criminal Possession of Marijuana in the Fourth Degree, Criminal Possession of Marijuana in the Fifth Degree, and Unlawful Possession of Marijuana. (Id. ¶ 39.) The criminal complaint (the "Original Complaint"), which was signed by Defendant Civil, inaccurately stated that at the time the marijuana was discovered, Defendant Civil observed Plaintiff and his co-defendant Carlos sitting in the room where the marijuana was recovered. (Id. ¶¶ 40-42.) The prosecution filed a superseding information (the "Superseding Complaint") to correct this error. (Id. ¶ 43.) The Superseding Complaint included the same charges as the Original Complaint but stated that Plaintiff entered the Apartment only after the search was conducted and added that upon his arrival, Plaintiff made the following statement: "This is what happens when you let strange people into our apartment." (Id. ¶ 44.) Plaintiff denies having said this. (Pl. 56.1 ¶ 27.) Plaintiff appeared in court a number of times in relation to the Original and Superseding Complaint. (Id. ¶¶ 28-30.)

## II. PROCEDURAL HISTORY

On July 18, 2014, the charges stemming from Plaintiff's April 19, 2013 arrest were dismissed by the state court. (Defs. 56.1 ¶ 45.) Plaintiff subsequently brought this action pursuant to 42 U.S.C. § 1983 against Defendants the City of New York (the "City"), Sergeant Luke Denesopolis, Detectives Mike Civil and Jason Jones, and Police Officers Jane/John Doe(s) #1-10. (Am. Compl. (Dkt. 14).) He asserted the following causes of action against Defendants: (1) false arrest; (2) malicious prosecution; (3) failure to intervene; (4) illegal strip search; (5) excessive pre-arraignment detention; and (6) denial of a fair trial. (Id. at 4-11.)

Defendants moved for summary judgment on all claims. (Defs. Mot. for Summ. J. (Dkt. 39).) Plaintiff opposed Defendants' motion and cross-moved for partial summary judgment on his false arrest and denial of a fair trial claims. (Pl. Cross-Mot. for Summ. J. (Dkt. 43).) The

court referred Defendants' motion for summary judgment and Plaintiff's cross-motion for partial summary judgment (together, the "Cross-Motions") to Magistrate Judge Steven L. Gold for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Nov. 28, 2016, Order Referring Mot.) On April 17, 2017, Judge Gold issued an R&R, recommending that Defendants' Motion be granted in part and denied in part and that Plaintiff's Motion be denied. (R&R at 2.) Plaintiff and Defendants each filed timely objections to the R&R. (Defs. Objs. to R&R ("Defs. Objs.") (Dkt. 64); Pl. Objs. to R&R ("Pl. Objs.") (Dkt. 65).) The court ultimately dismissed these objections and adopted the R&R in full. (M&O at 2.) On May 8, 2018, Plaintiff moved for reconsideration of the court's conclusion in the M&O that there remained a genuine issue of fact as to whether Plaintiff's deprivation of liberty came "as a result" of Defendant Civil's actions. (Pl. Mem.)

## III.   LEGAL STANDARD

Local Civil Rule 6.3 provides that, within 14 days of the entry of an order, a party may move for reconsideration by filing a notice of motion and memorandum identifying "the matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3. However, reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." NEM Re Receivables, LLC v. Fortress Re, Inc., 187 F. Supp. 3d 390, 395 (S.D.N.Y. 2016) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

The primary grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245,

1255 (2d Cir. 1992)). A request for reconsideration under Local Rule 6.3 must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked, and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Anwar v. Fairfield Greenwich Ltd., 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016). Local Civil Rule 6.3 must be narrowly construed and strictly applied so as to "avoid duplicative rulings on previously considered issues" and prevent the rule from being used to advance theories not previously argued or "as a substitute for appealing a final judgment." Merced Irrigation Dist. v. Barclays Bank PLC, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (quoting Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002)).

## IV.  DISCUSSION

Plaintiff argues that the court erred in denying partial summary judgment on his claim for denial of a fair trial "by misapply[ying] or misapprehend[ing] controlling precedent on this issue." (Pl. Mem. at 3.) In an argument also pressed in his objection to the R&R, Plaintiff contends that two discrete acts by Defendant Civil result in denial of fair trial claims: (1) the false statement in the Original Complaint, and (2) the disputed claim in the Superseding Complaint that Plaintiff said, "this is what happens when you let strange people into our apartment." (See Pl. Obj. to R&R at 20-21; Pl. Mem. at 8-9.) Plaintiff claims that there are no undetermined factual issues regarding the denial of a fair trial as it relates to the Original Complaint and asks that this court grant partial summary judgment with respect to his denial of a fair trial claim. Plaintiff notes that factual issues remain regarding the allegations of a second fabricated statement and asks for a trial on that issue. (Pl. Mem. at 10.)

Plaintiff suggests that the court "overlooked" both factual matters and the controlling precedent of Garnett v. Undercover Officer 0039, 838 F.3d 265 (2d. Cir. 2016) in considering the underlying motion. (Pl. Mem. at 6.) However, Plaintiff does not cite any unconsidered law or facts. Instead, he simply reiterates his argument that under Garnett, the alleged constitutional violation occurred when Defendant Civil supplied the prosecutor with a fabricated statement. Because undisputed facts establish that Defendant Civil provided the District Attorney with false information in the Original Complaint, and that Plaintiff suffered a deprivation of liberty in the form of at least four post-arraignment court appearances related to the April 19 arrest, Plaintiff argues that no issues of fact remain unresolved. (M&O at 16; Pl. Mem. at 4-5.) Plaintiff argues that the "entire initial prosecution was shown to be completely without merit based upon Defendant Civil's professed observations," and repeats his conclusion that he is therefore entitled to summary judgment. (Pl. Mem. at 7-9.)

However, as discussed in the M&O, a genuine issue of fact remains as to whether Plaintiff's deprivation of liberty came "as a result" of Defendant Civil's actions. Denial of a fair trial claims based on fabrication of information arise in cases where: "(1) [an] investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." Garnett, 838 F.3d at 279 (describing the standard established in Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123 (2d Cir. 1997)).

As the court discussed in the M&O, Garnett does not alter Plaintiff's burden to prove causation of his deprivation of liberty in order to establish the denial of a fair trial. The manufacturing of false evidence "'in and of itself' . . . does not impair anyone's liberty, and therefore does not impair anyone's constitutional right." Zahrey v. Coffey, 221 F.3d 342, 348

(2d Cir. 2000) (quoting Zahrey v. City of New York, 98-CV-4546 (LAP), 1999 WL 587904 (S.D.N.Y. Aug. 4, 1999)).  As Plaintiff points out, the existence of probable cause alone will not shield a police officer from liability in cases of fabricated information, (see Pl. Mem at 7; see also M&O at 4); however, a plaintiff must nevertheless establish that the false statement caused the deprivation of liberty to make out a fair trial claim.  See Garnett, 838 F.3d at 279-80 (noting that in fair trial claims based on fabrication of information, jury is properly instructed that conviction requires finding that plaintiff suffers a deprivation of life, liberty, or property "as a result" of false statement); Caravalho v. City of New York, 732 F. App'x 18, 24 (2d Cir. 2018) (rejecting fair trial rights claim due to failure to prove detention was a result of fabricated paperwork); see also Ganek v. Leibowitz, 874 F.3d 73, 91 (2d Cir. 2017) (holding that where a corrected affidavit establishes probable cause, a plaintiff can pursue a fair trial rights claim only if the fabricated evidence causes some further deprivation).

Because Plaintiff must still show his deprivation of liberty came "as a result" of the false statement, the court concluded that a question of fact remained regarding whether, without the false statements by Defendant Civil, the charges against Plaintiff would have been dropped or dismissed for insufficient evidence of Plaintiff's dominion and control over the marijuana. (M&O at 16.)  Plaintiff's contentions do not establish that the court "overlooked" any matters relevant to the motion for summary judgment, and this court rejects the invitation to reconsider Plaintiff's argument from the previous hearing.

Plaintiff further argues that the question of whether the false statement caused a deprivation of liberty is inappropriate for jury determination in this case.  He claims consideration of whether other factors "caused" his deprivation is inappropriate for trial because "[f]undamentally, trials are focused on what actually transpired and not what would have transpired had other actions

7

been taken or not." (Pl. Mem. at 10.) However, other courts have followed <u>Garrett</u>'s command that a jury is properly instructed that it must find that plaintiff suffered a deprivation of life, liberty, or property "as a result" of the false statement. <u>See</u> <u>Bridgeforth v. City of New York</u>, No. 16-CV-273 (WHP), 2018 WL 3178221, at *8 (S.D.N.Y. June 28, 2018) (finding a "triable issue" over whether defendant's "actions, rather than other processes, that produced" a deprivation of liberty); <u>see also</u> <u>Walker v. City of N.Y.</u>, No. 11-cv-314 (CBA), 2014 WL 12652345, at *9 (E.D.N.Y. Sept. 3, 2014) ("The causation requirement is only met if there is sufficient evidence for a jury to determine that the fabricated evidence, as opposed to evidence that supported a finding of probable cause, caused the plaintiff to be deprived of his liberty.").

Plaintiff further raises concerns about the possibility of prejudicial hearsay testimony at trial. (Pl. Mem. at 9-10.) However, this concern is best addressed at the trial stage, in accordance with the court's power under Federal Rule of Evidence 403. <u>Cf.</u> <u>United States v. Birney</u>, 686 F.2d 102, 106 (2d Cir. 1982).

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. 81) is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
     December 5, 2018

NICHOLAS G. GARAUFIS
United States District Judge