UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

DUSHAINE ASHLEY,

                                        Plaintiffs,

       -against-

DETECTIVE MICHAEL CIVIL.                          Case No.:   15-CV-5559

                                        Defendants.
_____X


## **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**


LAW OFFICE OF DAVID ZELMAN
709 Eastern Parkway
Brooklyn, New York 11213
(718) 604-3072
Fax (718) 604-3074

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ……………………………..…………………………….... 1

STATEMENT OF FACTS…………………………………………………………………...1

ARGUMENT ……………………………………………………………...……………….. 2

   I.    **DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING
         EVIDENCE OF PLAINTIFF'S ARREST AND CONVICTION
         HISTORY**……………………….…………………………………………..…2

   II.   **DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING THE
         SUPERCEDING CRIMINAL COURT COMPLAINT AS ITS EXISTENCE IS
         OVERWHELMINGLY PREJUDICAL WITHOUT A FAIR PROBATIVE
         VALUE AS IT OCURRED AFTER THE FAIR TRIAL TORT WAS
         COMPLETE**……………………………………………………………………5

   III.  **THE EXISTENCE OF INDEPENDENT PROBABLE CAUSE IS NOT A
         DEFENSE TO A FAIR TRIAL CLAIM AND THEREFORE THE DEFENDANT
         MUST BE PRECLUDED FROM INTRODUCING EVIDENCE TENDING TO
         SHOW THERE WAS INDEPENDENT PROBABLE CAUSE FOR
         PLAINTIFF'S ARREST**……………………….……………....................................9

   IV.   **THE FOLLOWING EXHIBITS DEFENDANTS SEEK TO INTRODUCE
         SHOULD BE EXCLUDED BASED UPON ARGUMENTS MADE
         PREVIOUSLY AND OR NOTED BELOW**………………………………..13

   V.    **DEFENDANTS SHOULD BE PRECLUDED FROM OFFERRING ANY
         OPINION TESTIMONY AT THE TIME OF TRIAL**……...……………………17

   VI.   **DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING
         IRRELEVANT PREJUDICIAL TOPICS SUCH AS UNRELATED POLICE
         WORK DEFENDANTS CLAIM TO HAVE BEEN RESPONDING TO, OR
         OTHER IRRELEVANT AND PREJUDICIAL INFORMATION DESIGNED
         SOLELY TO ELICIT SYMPATHY FOR POLICE OFFFICERS AND/OR
         IMPUGN THE CREDIBILITY OF THE PLAINTIFF**……………… ...……… 19

CONCLUSION ………………………………………………………………………… 19

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of plaintiff's motion *in limine* for an order precluding certain exhibits and references.

## STATEMENT OF FACTS

On or about April 19, 2013 at approximately 5:00 A.M., police officers employed by CITY, including but not limited to Defendants, arrived at 125 East 18th Street, Apartment 5I. Defendants entered the apartment and, according to the criminal court complaint signed by defendant CIVIL on April 19, 2013, observed ASHLEY "in possession of approximately two ounces of marihuana." At approximately 5:00 A.M., ASHLEY received a phone call asking him to retrieve a dog from 125 East 18th Street, Apartment 5I. At approximately 5:20 A.M., ASHLEY arrived at 125 East 18th Street, Apartment 5I and entered the apartment. Police officers employed by CITY, including but not limited to defendants CIVIL and JONES arrested ASHLEY, and placed him in a police vehicle.

Defendants detained ASHLEY in the vehicle for approximately 12 hours before transporting him to the 70th Police Precinct. Defendants strip searched ASHLEY at the Precinct. Defendants detained ASHLEY at the 70th Police Precinct for approximately 2 hours before transporting him to Central Booking. Defendants detained ASHLEY at Central Booking for approximately 30 hours. ASHLEY was arraigned on April 20, 2013, charged with criminal possession of marihuana in the fourth degree (PL 221.15), criminal possession of marihuana in the fifth degree (PL 221.10(2)), and unlawful possession of marihuana (PL 221.05), and released on his own recognizance. During the course of the criminal litigation, a video surfaced, demonstrating that the officers arrived at the location prior to Plaintiff. Following disclosure of the video in the criminal court case, on or about April 30, 2013, a superseding criminal court

complaint signed by defendant CIVIL was filed in court, alleging that ASHLEY entered the location of the arrest after the officers.  The complaint also included a previously undisclosed statement allegedly made by ASHLEY, which was, "in sum and substance, see this is what happens when you let strange people into our apartment." ASHLEY made approximately 12 appearances in court before all charges were dismissed on July 18, 2014, when the Honorable Judge Simpson ruled that the complaint was facially insufficient.

## ARGUMENT

## I.  DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF PLAINTIFF'S ARREST AND CONVICTION HISTORY

According to plaintiff's "rap sheet", plaintiff's  has no convictions within the preceding ten years. The rap sheet reports a felony conviction from a April 16, 1994 arrest involving possession of a firearm.  There was a bench trial and plaintiff received a 2-6 year sentence on February 15, 1995. Plaintiff also has two arrests other than the instant arrest on April 19, 2013.  Plaintiff was arrested on November 28, 2012 and December 13, 2012 both alleging possession of marijuana, as did the instant arrest.  The November 2012 arrest terminated in a disorderly conduct plea and the December 2012 arrest was dismissed on speedy trial grounds.

Defendants should be precluded from questioning Plaintiff regarding his convictions and arrests as they are remote in time, have no probative value and would only serve to prejudice plaintiff with arrests which do not involve crimes of moral turpitude.  Plaintiff's prior arrests which did not result in a conviction have no probative value as they were arrests only. Moreover, since both the November and December 2012 arrests alleged the same crime, namely marijuana possession, it should also be precluded on that ground as it is similar to the April 2013 arrest and therefore highly prejudicial. See, *Jean-Laurent v Hennessy*, 840 F Supp 2d 529, 545 [EDNY 2011]) (Precluding admission of an Order of protection referencing an assault conviction within ten years of trial)

It is well settled that any criminal history that goes beyond ten years is not admissible. *See Edwards v. City of New York*, 2011 U.S. Dist. LEXIS 75300 (E.D.N.Y. July 13, 2011) (criminal history that goes beyond the last 10 years is not admissible because its prejudicial effect outweighs the probative value), *Jean-Laurent v. Hennessy*, 2011 U.S. Dist. LEXIS 122767 (E.D.N.Y. Oct. 24, 2011) (*in limine* preclusion of plaintiff's criminal history that goes beyond 10 years).

As to any other arrests not resulting in a conviction, they should be excluded from the jury's consideration. Evidence of arrests is not admissible under FRE 609, because the charges did not result in a conviction. See *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 344 (S.D.N.Y. 2011) "arrests are irrelevant to any purpose permissible under FRE 404(b), because his arrest history holds no value as impeachment material"); *Michelson v. United States*, 335 U.S. 469, 482 (1948) ("[a]rrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness").

"The Second Circuit has long held that trial judges have broad discretion in making determinations under FRE 609 and that the "[p]rime" factor to be considered is the probative value of the prior conviction as to the witness' truthfulness." *Nibbs v. Goulart*, 2011 U.S. Dist. LEXIS 106998, 6-7 (S.D.N.Y. Sept. 16, 2011) (quoting *United States v. Puco*, 453 F.2d 539, 542 (2d Cir. 1971); *Rosario v. Ercole*, 582 F. Supp. 2d 541, 558-59 (S.D.N.Y. 2008)). With respect to any convictions within ten years of the date of trial, FRE 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury [...]". The district court has broad discretion in making decisions under Rule 403's probative-prejudice balancing analysis. *Fiacco v. City of Rensselaer*, 783 F.2d 319, 327-28 (2d Cir. 1986). "In making a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched

4

by [the possibility] . . . that it will divert the jury from the facts which should control their verdict.'" *Bensen v. Am. Ultramar, Ltd.*, No. 92-CIV-4420, 1996 U.S. Dist. LEXIS 10647, 1996 WL 422262, at *6 (S.D.N.Y. July 29, 1996) (quoting *United States v. Krulewitch*, 145 F.2d 76, 80 (2d Cir. 1944)). "In balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)).

## II. DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING THE SUPERCEDING CRIMINAL COURT COMPLAINT AS ITS EXISTENCE IS OVERWHELMINGLY PREJUDICAL WITHOUT A FAIR PROBATIVE VALUE AS IT OCURRED AFTER THE FAIR TRIAL TORT WAS <u>COMPLETE</u>

In this case, there is no dispute that Defendant Civil fabricated evidence and forwarded that evidence to the District Attorney's Office. In addition, this Court has previously determined that plaintiff suffered a deprivation of liberty. (See this Court's Order dated July 12, 2017, p.16) As the Court is likely aware, when defendant Civil's fabricated evidence of plaintiff's presence in the apartment came to light through the presentation of video evidence to the District Attorney's office, the assigned District Attorney called defendant Civil to the office and discussed the matter with him.  At that point, which was roughly one year after plaintiff's arrest, the assigned District attorney decided to withdraw the fabricated criminal court complaint and issue a superceeding criminal court complaint revising the original complaint by acknowledging that plaintiff was not present when defendant Civil arrived and that plaintiff Ashley arrived later and made, according to defendant Civil and the superceeding complaint, an incriminating statement, i.e. "This is what happens when you let strange people into our apartment."  Plaintiff denies uttering this statement.

5

The superceeding complaint was dismissed by the Court, in essence, because plaintiff was not present when the officers arrived and the minutes of that dismissal are annexed hereto as Exhibit A.

To allow the jury to consider the fact that the District Attorney decided, after the revelation of the fabricated evidence to continue the prosecution is prejudicial to the plaintiff in several respects and is also against public policy.  First, the superceeding complaint was issued after the fabricated evidence was discovered by the District Attorney's office and therefore does not address the issue of the impact the initial fabricated evidence had on the District Attorney's office.  It is simply unknowable what the District Attorney's office would have done had the initial criminal court complaint been truthful.  See, Garnett, (*Garnett v Undercover Officer C0039*, 2015 US Dist LEXIS 45232, at *17 [SDNY Apr. 6, 2015, No. 1:13-cv-7083-GHW]) ("How can a court know that the falsified evidence did not influence the decision whether to prosecute a person or the length of a defendant's detention? A prosecutor can be expected to make different decisions about how to manage a potential drug prosecution where the defendant is found with drugs on his person than she would in a situation in which no drugs were found. The prosecutor might release the person immediately, or offer a much more lenient plea opportunity. In this case, perhaps Mr. Garnett would have been set free immediately if the prosecutor did not have the evidence of the acts and statement that UC 39 attributed to him to support the prosecution. For that reason, an argument that a plaintiff must show that the misconduct caused some deprivation above and beyond the fact of the prosecution itself is fundamentally misguided.")

Second, the relationship between detectives and assistant district attorneys is well documented.  They work together in a close, collegial way on an often daily basis on numerous

6

cases in a variety of circumstances. (*People v Bernal*, 92 AD2d 489, 489 [1st Dept 1983]) ("We think that on these facts, the relationship between the Assistant District Attorney and the police officer as to this investigation was so close that they should be deemed members of one team and that the knowledge of defendant's recent arrest, which the police officer had, also requires the suppression of the statements made to the Assistant District Attorney.)  See also, *Guido v Schenectady*, 404 F2d 728, 744, n 13 [2d Cir 1968] ("The district attorney did assist Captain Morris in preparing his affidavit supporting the application for the wiretap order, but this is explainable on the theory that the district attorney is the legal officer with the closest relationship to the police department.")  In this case, to allow the benefit of that close collegial relationship to influence the jury's decision is unfairly prejudicial and allows the prosecutor, after the effects the fabricated evidence has had on the criminal case, to attempt to insulate the officer from the fabricated evidence by simply issuing a superseding criminal court complaint.  Moreover, the harm was already done by the time the District Attorney issued a superceeding complaint as one year had passed since the arrest.  The tort was complete and nothing the District Attorney did or did not do should be used to attempt to show that the fabricated evidence was not material to the District Attorneys' decision to prosecute.  To allow this evidence is to judicially credit the close relationship between police and prosecutors to be used to disadvantage criminal defendants who have no such influence on how prosecutors prosecute their cases.

Analyzed differently, the question the jury should analyze is whether the fabricated evidence would have influenced a jury, not whether the prosecutor was influenced by it.  Although courts necessarily analyze whether the District Attorney was influenced by the fabricated evidence, in this case, the jury could properly be instructed that the question is not whether the District Attorney would have done things differently, but whether the jury would ultimately have been influenced

by the admitted fabricated evidence and the alleged fabricated evidence.  See, *Hanson v New York City*, 2018 US Dist LEXIS 51581, at *51-52 [EDNY Mar. 27, 2018, No. 15-CV-1447 (MKB)])] ("Whether the fabricated evidence is likely to influence a jury's decision can be satisfied by showing that the fabricated evidence was material to the prosecutor's case. *See Garnett*, 838 F.3d at 277 (holding that fabricated evidence is material when it may affect "the prosecutor's decision to pursue charges rather than to dismiss the complaint without further action" or could influence "the prosecutor's . . . assessments of the strength of the case"); *Ricciuti*, 124 F.3d at 129-30 (holding that fabricated evidence, such as a confession, is material because it is "almost certain to influence a jury's verdict").  Here, there can be no dispute that the fabricated evidence was material to the District Attorneys case because once the fabricated evidence was revealed, it caused the prosecutor to issue a superceeding criminal court complaint.  But, the question of how the fabricated information is received by the District Attorney's office is only to assist with the ultimate decision of whether the fabricated evidence would be material to a jury reviewing the case.  Here, under the unique facts asserted here, where the fabricated evidence is admittedly fabricated and that the prosecutor actually dismissed the criminal court complaint because of it and issued a superceeding criminal court complaint, the existence of the superceeding complaint can not be used to argue that the "prosecutor would have brought the case regardless of the fabricated evidence".  This argument would prejudice the plaintiff, allow the prosecutor to insulate the detective he is working with by his *after the fact* actions and begs the question of whether a jury would ultimately be influenced by the material fabricated evidence.

For all of the foregoing reasons, the prosecutor's decision to issue a superseding criminal court complaint should not be presented to the jury.  In addition, defense counsel should be precluded from making that argument to the jury.

### III.   THE EXISTENCE OF INDEPENDENT PROBABLE CAUSE IS NOT A DEFENSE TO A FAIR TRIAL CLAIM AND THEREFORE THE DEFENDANT MUST BE PRECLUDED FROM INTRODUCING EVIDENCE TENDING TO SHOW THERE WAS INDEPENDENT PROBABLE CAUSE <u>FOR PLAINTIFF'S ARREST</u>

One issue Courts agree on is that probable cause is not a defense to a denial of a fair trial claim.  See, (*Ashley v City of NY*, 2017 US Dist LEXIS 59201, at \*18-20 [EDNY Apr. 17, 2017, No. 14-CV-5559 (NGG)]) ("In recent years, though, a clear consensus has emerged that law enforcement officers may be held liable under Section 1983 for falsifying evidence even when they have probable cause to arrest, and—regardless of how the claim is labeled—even when the underlying criminal case is dismissed or otherwise resolved prior to trial. *See, e.g., Morse v. Fusto*, 804 F.3d 538, 547 n.7 (2d Cir. 2015), *cert. denied*, _ U.S. _, 137 S. Ct. 126, 196 L. Ed. 2d 42 (2016) (agreeing with district court that claims for fabrication of evidence, whether asserted as violations of the Sixth Amendment right to a fair trial or as Fifth and Fourteenth Amendment due process violations, are cognizable under § 1983); *Betts*, 751 F.3d at 83-84 (considering and dismissing a denial of fair trial claim on other grounds where underlying criminal charges were dismissed prior to trial); *Jovanovic*, 486 F. App'x at 152 (noting that probable cause is not a defense to a denial of fair trial claim); *Gomez v. City of New York*, 2017 U.S. Dist. LEXIS 38100, 2017 WL 1034690, at \*9 (E.D.N.Y. Mar. 16, 2017) (noting that a claim based upon fabricated evidence is cognizable [\*19]  under Section 1983 even when the underlying criminal charges did not proceed to trial); *Case v. City of New York*, 233 F. Supp. 3d 372, 2017 U.S. Dist. LEXIS 19374, 2017 WL 571530, at \*8-9 (S.D.N.Y. Feb. 10, 2017) (same); *Soomro v. City of New York*, 174 F. Supp. 3d 806, 815 (S.D.N.Y. 2016) (same); *Blau v. Suffolk*

*County*, 2016 U.S. Dist. LEXIS 12934, 2016 WL 426515, at *4-5 (E.D.N.Y. Feb. 3, 2016) (noting that "[a] plaintiff may bring a fair trial claim even if the plaintiff's criminal case is dismissed before trial," and that probable cause is not a defense to a fair trial claim); *Nnodimele v. Derienzo*, 2016 U.S. Dist. LEXIS 9881, 2016 WL 337751, at *11, 14 (E.D.N.Y. Jan. 27, 2016) (stating that "[a] plaintiff need not have been tried or convicted to assert a fair trial claim, as the constitutional violation occurs when the false information is transmitted to prosecutors," and that the "suggestion that [a] plaintiff cannot recover for pre-trial deprivations of liberty occasioned by [a law enforcement officer's] fabrications is wholly inconsistent with *Ricciuti [v. New York City Transit Auth.*, 124 F.3d 123, 130-31 (2d. Cir 1997)] and the multitude of cases involving fair trial claims asserted without reference to a criminal conviction"); *Horvath v. City of New York*, 2015 U.S. Dist. LEXIS 51029, 2015 WL 1757759, *6-7 (E.D.N.Y. Apr. 17, 2015) (stating that "[a] plaintiff asserting a fair trial claim need not show he was convicted or that the case even went to trial"); *Brown v. City of New York*, 2014 U.S. Dist. LEXIS 181736, at *5-10 (E.D.N.Y. Dec. 23, 2014) (collecting cases); *Morse v. Spitzer*, 2012 U.S. Dist. LEXIS 110241, 2012 WL 3202963, at *5 (E.D.N.Y. Aug. 3, 2012) (holding that "a government official who falsifies evidence against an accused may be subject to liability under § 1983 for violating the accused's Fifth, Sixth and Fourteenth Amendment right to a fair trial, and the existence of probable cause is irrelevant to this claim").

However, it is anticipated in this trial that defendants will make the following arguments in an attempt to demonstrate that there was independent probable cause for plaintiff's arrest and that therefore the admitted and alleged fabricated evidence did not cause the plaintiff to be prosecuted. First, defendants will argue that plaintiff was arrested at the same location as the instant arrest on two other occasions, November 28, 2012 and December 13, 2012. The

10

November arrest, involving an allegation of possession of marijuana, resulted in a plea to

disorderly conduct and the December arrest, also involving a charge of possession of marijuana

resulted in a 30.30 dismissal (speedy trial).  Defendants will seek to introduce these arrests to

both impugn plaintiff's character and to demonstrate defendant Civil's mindset when he made

the within disputed arrest on April 19, 2013.  Both of these arrests should both be precluded from

the jury's consideration for several reasons.  The December arrest should be precluded simply

because it was an arrest and nothing more and therefore not probative of anything.  (See, *Nibbs v.*

*Goulart*, 822 F. Supp. 2d 339, 344 (S.D.N.Y. 2011))  Moreover, drug related arrests simply do

not affect the credibility of a party.  As was held in *Picciano v McLoughlin*, 2010 US Dist

LEXIS 114704, at *9-10 [NDNY Oct. 28, 2010, No. 5:07-CV-0781 (GTS/GJD)]:

> Drug crimes are generally not crimes involving dishonesty or false statement. *See Lewis v. Velez*, 149 F.R.D. 474, 481-82 (S.D.N.Y. 1993) ("Neither drug crimes nor assault involve dishonesty or false statement."); *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) ("Drug crimes, however, do not automatically implicate the use of dishonesty or false statements.").  When the crime falls within the "uncertain middle category neither clearly covered nor clearly excluded by . . . [Rule 609(a)(2)]," the proffering party must demonstrate "that [the] particular prior conviction rested on facts warranting the dishonesty or false statement description." *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (barring admission of narcotics importation conviction under Rule 609(a)(2) because government failed to present specific facts that crime involved dishonesty or false statement); *see also United States v. Hastings*, 577 F.2d 38, 41 (8th Cir. 1978) (finding narcotics conviction inadmissible under Rule 609(a)(2) absent showing that conviction rested on facts involving dishonesty or false statement). In this case, Defendant offers no evidence to suggest that Plaintiff's 2009 conviction involved dishonesty or false statement. Thus, the conviction is not automatically admissible under Rule 609(a)(2).
>
> Nonetheless, the conviction may be admissible under Fed. R. Evid. 609(a)(1) because it was punishable by "imprisonment in excess of one year." This conviction is therefore subject to the Fed. R. Evid. 403 balancing test imposed by Fed. R. Evid. 609(a)(1).

Here, the November arrest which resulted in a disorderly conduct dismissal did not involve

punishment in excess of one year.  Therefore, it is inadmissible pursuant to FRE 609(a)(1).

Moreover, marijuana is also the subject matter of the April 19, 2013 arrest and because it is very similar to the charge in both the November and December 2012 arrests, it should be precluded for that purposes alone. (*Lewis v Velez*, 149 FRD 474, 483 [SDNY 1993]) ("Convictions for crimes or other bad acts that bear a close resemblance to actions alleged in the current case are likely to run afoul of Rule 404(b), because they cause unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts. ")

Defendants are also expected to attempt to demonstrate that there was independent probable cause to arrest plaintiff due to his belongings which defendant Civil claims to have remembered from prior arrests of plaintiff at the same location.  This argument should be precluded because whether plaintiff lived at the premises either prior to the arrest or at the time of the arrest is both irrelevant to the analysis the jury must undertake in this action as well as prejudicial.   The jury will not undertake an inquiry that there was independent probable cause to prosecute plaintiff as that issue has been decided.  The question is whether the admittedly fabricated evidence and the allegedly fabricated evidence caused plaintiff's established loss of liberty.  The jury should not be asked to speculate whether the plaintiff would have or would not have been prosecuted initially had defendant Civil accurately and faithfully discharged his duties.  This is the impossible task that the Court in *Garnett, supra*., warned about.

Critically, the first prosecution which contained the admittedly false statements, alleged that plaintiff was present when officers arrived, a completely different *theory* of liability as to the plaintiff's marijuana possession.  The first prosecution did not depend at all as to the plaintiff's connection to the apartment….he was arrested in the vicinity of it and therefore his connection to the marijuana was established and not at issue.  However, when the plaintiff's physical presence in the apartment was no longer a basis to prosecute plaintiff, due to him arriving at the scene

12

after the police, the theory of constructive possession was born.  The constructive possession

theory relies upon completely new facts such as the lease, the prior arrests at the apartment,

plaintiff's possessions at the apartment, rent payments, housing records, mail and any other

information potentially tying plaintiff to the apartment.  These prosecutions were dissimilar and

focused on different evidentiary material.  By the time the initial criminal court complaint was

dismissed, a year had passed and plaintiff was wrongfully charged with being in actual physical

possession for that entire year.  Defendants should not now be permitted to introduce evidence

which was irrelevant to the initial prosecution in an attempt to show that there was independent

probable cause to arrest plaintiff for possession of marijuana, i.e. his  nexus to the location of the

arrest,  125 East 18th Street, Apartment 5I.

Therefore, because independent probable cause is not a defense to a fair trial claim, the

defendants should be precluded from introducing evidence of plaintiff's connection to the subject

apartment, his prior arrests there or his possessions kept there.


## IV.    THE FOLLOWING EXHIBITS DEFENDANTS SEEK TO INTRODUCE SHOULD BE EXCLUDED BASED UPON ARGUMENTS MADE PREVIOUSLY AND OR NOTED BELOW

Defendants seek to introduce plaintiff's complaint and amended complaint in this action. In

addition, defendants seek to introduce deposition transcripts For purposes of impeachment,

plaintiff has no objection.  To the extent defendants seek to introduce these documents into

evidence, they should be excluded as the likelihood for confusion is high with respect to

plaintiff's complaints which reference dismissed claims and the transcripts are inadmissible as

there has been no showing the witnesses are not available. *Edelhertz v. City of Middletown*, 943

F.Supp.2d 388, 391 (S.D.N.Y. 2012). ("Courts have found that "[t]he allegations made in the

13

Complaint—a document that is evidence of nothing more than the existence of an accusation—are inadmissible hearsay, pursuant to Rules 801, 802 and 803 of the Federal Rules of Evidence." (*Howard v Town of Dewitt*, 2014 US Dist LEXIS 195388, at *15 [NDNY Dec. 13, 2014, No. 5:12-cv-870]) See also, (*Bermudez v City of NY*, 2019 US Dist LEXIS 3442, at *47 [EDNY Jan. 8, 2019, No. 15-CV-3240 (KAM)(RLM)]) (allowing defendants to use complaints and discovery responses for impeachment purposes in an excessive force context)

Plaintiff does not object to the April 19, 2013 criminal court complaint, however, the copy defendants seek to introduce has extraneous handwriting on it which is prejudicial and hearsay. (DEF 124)

Defendants seek to introduce the search warrant applied for by defendant Civil. (Item S) This document is irrelevant to the claims in this case, however, it should be available for use to impeach by either party.  The document itself also makes statements that there is reason to believe narcotics are present at the apartment and is therefore prejudicial as it necessarily references information obtained before the date of the within arrest.  It also has no probative value as to the issues being addressed in this case and it is irrelevant to plaintiff's remaining claim.

Defendants seek to introduce property clerk invoices DEF 24-27 which reference drugs recovered on April 19, 2013. (Item H)  In addition, defendants seek to introduce a variety of police documentation created after plaintiff's April 19, 2013 arrest apparently in an attempt to bolster the officers testimony at trial which can be expected to be supported by the documentation they created. Moreover, they do not address any disputed issue in this case as plaintiff has never contested that the officers recovered marijuana at the subject location. Plaintiff objects to these documents as they are hearsay documents created after the arrest and

14

they are being used to impugn the plaintiff's character as they do not address any issue of fact in

this case.  (Item I (marijuana field test), Item P (vouchered marijuana), Item V (lab report) Item

W (property clerk invoice), Item Y (property clerk invoice), Item Z, (field test report),  They will

also be used to bolster the defendants testimony as prior consistent statements.  One document

references cocaine residue and is therefore prejudicial and irrelevant as plaintiff was not charged

with any cocaine offense.(Item H)  Moreover, these documents express opinions of the officers

which is prohibited as the documents address who the police believe the owners of the property

are.  See, (*Wilson v New York City*, 1996 US Dist LEXIS 1518, at *13-14 [SDNY Feb. 5, 1996,

92 CIV. 2709 (KMW)]) ("I grant plaintiff's motion to exclude *in limine* the memo book entries

of the Officers prepared after the arrest with regard to the incident in question and the complaint

report prepared by Officer Roberson. If plaintiff makes a claim of recent fabrication at trial,

defendants may request reconsideration of this ruling.")

     As discussed previously, any evidence or documentation of arrests other than then instant one

is prejudicial and irrelevant. (Items K, L, M, N, O, S, T, U, X, AA, BB, CC on defendants

JPTO).  Defendants apparently seek to introduce evidence of an order of protection against the

plaintiff as well as a variety of documentation stemming from arrests prior to the instant arrest of

April 2013.   All of these documents are irrelevant and prejudicial and they additionally violate

FRE 404 as defendants attempt to use this information to improperly impugn the character of the

plaintiff.  See, (*Dougherty v County of Suffolk*, 2018 US Dist LEXIS 67465, at *19-20 [EDNY

Apr. 20, 2018, No. CV 13-6493 (AKT)]) "The Supreme Court has set identified four factors for

courts to consider him in exercising their discretion under Rule 404, stating [*20]  that "[p]rior

bad-acts evidence must be (1) offered for a proper purpose, (2) relevant, and (3) substantially

more probative than prejudicial. In addition, (4) at defendant's request, the district court should

15

give the jury an appropriate limiting instruction." *United States v. Downing*, 297 F.3d 52, 58 (2d Cir.2002) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92, 108 S. Ct. 1496, 99 L. Ed. 2d 771, (1988)). While the Second Circuit "takes an inclusive approach to prior bad act testimony," in that "such testimony can be admitted for any purpose except to show criminal propensity," *United States v. Stevens*, 83 F.3d 60, 68 (2d Cir. 1996), the Court has also instructed that "the third *Huddleston* prong demands a 'particularly searching, conscientious scrutiny' in the context of prior crimes evidence because such evidence poses a particularly severe risk of unfair prejudice." *United States v. Frederick*, 702 F. Supp. 2d 32, 39 (E.D.N.Y. 2009) (quoting *United States v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009)).

Defendants seek to introduce a 311 call which is unauthenticated hearsay, (item R.) Defendants label it as a "sprint report" but it appears to be a summary of a phone call to 311 dated March 26, 2013 by an individual by the name of Charles Patrick, according to the report. The document has no indicia of reliability at all, is pure hearsay, does not address any issue in dispute in this case and is being used to attempt to impugn the plaintiff's character as the document references a complaint by "Charles Patrick" that "someone" is selling narcotics from his apartment and he apparently wants the police to stop that person. The caller of this document is actually unknown as is the recipient of the call. Defendants are free to call Charles Patrick to the stand if they so choose, however, this hearsay evidence is inadmissible under any interpretation of hearsay and it is otherwise irrelevant and an implicit attack on plaintiff's character.

Lastly, defendants seek to call a witness in this matter named PO David Bernal to testify solely regarding an alleged statement made not during the within arrest but during a prior arrest for a marijuana charge. According to defendants exhibit X, Def 312 and David Bernal, plaintiff

reported on December 13, 2012 that he lives at the subject apartment and that the "marijuana and crack belongs to deft." Just as defendants' Exhibit X should be precluded, the alleged statement which plaintiff made some 4 months prior to the within April 2013. The statement was allegedly made in the course of a prior, prejudicial arrest and the subject matter is extremely similar to the the grounds of the within arrest, namely marijuana.  Moreover, the prejudicial value of the statement far exceeds any probative value as there is no dispute plaintiff had been living in the apartment, but had moved out some months before the within April 19, 2013 incident.

### V.      DEFENDANTS SHOULD BE PRECLUDED FROM OFFERRING ANY OPINION TESTIMONY AT THE TIME OF TRIAL

It is important in a case such as this to be aware of the Second Circuit's decision in *Cameron v City of NY*, 598 F.3d 50, 62 [2d Cir 2010]) )"Second, witnesses may not "present testimony in the form of legal conclusions." *United States v. Articles of Banned Hazardous Substances Consisting of an Undetermined Number of Cans of Rainbow Foam Paint*, 34 F.3d 91, 96 (2d Cir. 1994); *accord Densberger v. United Techs. Corp*., 297 F.3d 66, 74 (2d Cir. 2002). Such testimony "undertakes to tell the jury what result to reach, and thus attempts to substitute the [witness's] judgment for the jury's.")  Here, the defendants plan to call officers and the District Attorney who prosecuted plaintiff.  These witnesses are competent to testify, however, their opinions as to the plaintiff's guilt or innocence, how the criminal case against plaintiff might have been affected under other circumstances or any other opinion testimony should be precluded as it "…undertakes to tell the jury what result to reach, and thus attempts to substitute the [witness's] judgment for the jury's."  Additionally, when the assistance district attorney was deposed, defense counsel at the time objected on privilege grounds to any question defense counsel interpreted as eliciting the district attorney's "thought process."  Therefore, the

17

defendants have previously sought to exclude that testimony and should not now be allowed to elicit it.

**VI.   DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING IRRELEVANT PREJUDICIAL TOPICS SUCH AS UNRELATED POLICE WORK DEFENDANTS CLAIM TO HAVE BEEN RESPONDING TO, OR OTHER IRRELEVANT AND PREJUDICIAL INFORMATION DESIGNED SOLELY TO ELICIT SYMPATHY FOR POLICE OFFFICERS AND/OR <u>IMPUGN THE CREDIBILITY OF THE PLAINTIFF</u>**

Defendants may seek to introduce evidence of how busy the officers were at the time of the incident in an effort to demonstrate to the jury that the officers are public servants and are under time pressure to deal with incidents so as to be able to respond to other calls.  This type of testimony only serves to prejudice the jury in favor of the officers and any person who insists as to his or her Constitutional rights such as the within plaintiff. Here, the Court should prohibit defendants from testifying to their need to expeditiously respond to this incident so as to be in a position to respond to other calls.

Similarly, City defendants may seek to introduce evidence of plaintiff's past unknown bad acts of any caliber.  City defendants make efforts to locate any  impeachment material available of the plaintiff from social media, internet searches and other sources. Defendants should be required to introduce irrelevant impeachment material prior to introducing to the jury for the appropriate prejudice v. probative value analysis.  Highly inflammatory impeachment material has the potential to sidetrack the jury with irrelevant material which could prejudice the jurors against the plaintiff, having no relationship to the merits of the case.

<u>**CONCLUSION**</u>

Pursuant to the above stated grounds, it is respectfully requested that this Motion in Limine

be granted in its entirety


Dated: Brooklyn, New York
      March 18, 2019


                            LAW OFFICE OF DAVID A. ZELMAN

                                      /S

                          _____

                          David A. Zelman, Esq.
                          Attorney for Plaintiff DUSHAINE ASHLEY
                          709 Eastern Parkway
                          Brooklyn, NY  11213
                          (718) 604-3072


Cc:  Bilal Hader, Esq. via ECF

20