```
 1   CRIMINAL COURT OF THE CITY OF NEW YORK

 2   COUNTY OF KINGS:              PART TP6
     ------------------------------------------X
 3   THE PEOPLE OF THE STATE OF NEW YORK,      :
                                               : DOCKET NO.2013KN029785
 4                -against-                    :
                                               :
 5   DUSHAINE ASHLEY,                          :
                                               :
 6                              Defendant.     :
     ------------------------------------------X
 7                         120 Schermerhorn Street
                           Brooklyn, New York 11201
 8                         July 15, 2014

 9

10   B E F O R E:

11             THE HONORABLE SIMPSON, Judge.

12

13

14   A P P E A R A N C E S:

15             OFFICE OF KENNETH P. THOMPSON, ESQ.
               DISTRICT ATTORNEY - KINGS COUNTY
16             350 Jay Street
               Brooklyn, New York  11201
17             BY:  PETER KIE, ESQ.
               Assistant District Attorney
18             For the People

19             BROOKLYN DEFENDER SERVICES
               BY:  CHAD DOWNING, ESQ.
20             For the Defendant

21

22
                         LISA MARIE LA BATE
23                       Official Court Reporter

24

25
```

PROCEEDINGS

1         COURT OFFICER: Calendars 1 and 2, Dushaine
2    Ashley.
3         MR. DOWNING: BDS by Chad Downing.
4         MR. KIE: Peter Kie.
5         MR. DOWNING: I understand that ADA Basso and I
6    were consenting to the adjournment requested by the People.
7    There are a few matters I would like to address with the
8    courts permission.  One, your Honor, move to dismiss the
9    superseding information as facially insufficient on docket
10   ending 2014KN29785.  I believe it was filed on May 7th.
11        THE COURT: There is a superseding.
12        MR. DOWNING: Superseding information filed along
13   with a new statement notice which is also an issue.
14        THE COURT: Talking about 2013KN029785. Which one
15   did I do the hearing on?
16        MR. DOWNING: That was the other case, that was
17   the 2012 docket.
18        THE COURT: I think something stamped May 6th
19   superseding information.
20        MR. DOWNING: Yes, your Honor. Our position is
21   the complaint does not establish probable cause that Mr.
22   Ashley exercised dominion or control over the marijuana
23   found inside the apartment.
24        THE COURT: Whose case is this?
25        MR. KIE: The assigned is out today.

1   THE COURT: This is facially insufficient.

2   I cannot dismiss it. Stated upon the

3   superseding information, the above time and place the

4   deponent observed the defendant Jose Carlos in possession

5   of approximately two ounces of marijuana. In that the

6   deponent entered said location and observed the defendant,

7   Jose Carlos, on the floor and the defendant, Dushaine

8   Ashley, did enter the said location shortly thereafter. He

9   wasn't even in the house shortly thereafter, they stated in

10  sum and substance, see, this is what happens when you let

11  strange people into our apartment and deponent did recover

12  said marijuana on the floor which was again by Mr. Carlos.

13  The deponent further states, the deponent had professional

14  training and the language, that is it.

15  MR. DOWNING: The statement the People are using

16  in the complaint --

17  THE COURT: It doesn't matter about the

18  statement. Just because it is your home you cannot control

19  what people bring into your home and obviously they said

20  they see somebody with the stuff and he comes in

21  subsequently.

22  Superseding information facially insufficient.

23  People can supersede if they want to.

24  MR. KIE: Yes, your Honor.

25  (Whereupon, an off-the-record discussion was

1   held.)

2       MR. KIE: Your Honor, was the only charge in the
3   superseding information the 221.05.

4       THE COURT: No, I will tell you. Unlawful
5   possession of marijuana, marijuana in the fifth degree,
6   marijuana in the fourth degree. Insufficient.

7       I am going to put the case on for eighty-six
8   chargeable days. Friday, both cases on.

9       MR. DOWNING: Thank you, your Honor.

10      MR. KIE: People requesting three days which
11  happens to be Friday as well.

12      THE COURT: 7/18.

13      MR. DOWNING: Thank you, your Honor.

14  \*          \*              \*            \*.

15              C E R T I F I C A T I O N

17      IT is hereby certified that the foregoing is
18  a true and accurate transcript of the proceedings.

21              LISA MARIE LA BATE
22              Official Court Reporter

1

```
CRIMINAL COURT OF THE CITY OF NEW YORK

COUNTY OF KINGS:                PART TP6
-------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,       :
                                           : DOCKET NO.2013KN029785
              -against-                    :
                                           :
DUSHAINE ASHLEY,                           :
                                           :
                    Defendant.             :
-------------------------------------------X
                        120 Schermerhorn Street
                        Brooklyn, New York 11201
                        July 18, 2014


B E F O R E:

        THE HONORABLE SIMPSON, Judge.



A P P E A R A N C E S:

        OFFICE OF KENNETH P. THOMPSON, ESQ.
        DISTRICT ATTORNEY - KINGS COUNTY
        350 Jay Street
        Brooklyn, New York  11201
        BY:  ROBERT A. BASSO, ESQ.
        Assistant District Attorney
        For the People


        BROOKLYN DEFENDER SERVICES
        BY:  CHAD DOWNING, ESQ.
        For the Defendant




                        LISA MARIE LA BATE
                        Official Court Reporter
```

```
 1                COURT OFFICER: Calendars 1 and 2, Ashley
 2    Dushaine.
 3                MR. DOWNING: BDS by Chad Downing.
 4                MR. BASSO: Robert A. Basso for the Office of the
 5    District Attorney.
 6                THE COURT: Okay for docket ending 9785, I think
 7    it is final for superseding information.
 8                MR. DOWNING: Yes, your Honor.
 9                MR. BASSO: Judge, the People purport that the
10    complaint does make out the crime that the People are
11    burdened with making out a prima facie case in People V
12    Casey that should be held in a light most favorable to the
13    People.  It should just make out the crime that has been
14    committed.
15                THE COURT: I know that on June 10th a decision
16    was issued by Judge Gerstein and the People were charged
17    with eight-six days.
18                MR. BASSO: Yes.
19                THE COURT: And then on the 15th People need an
20    SSI, I can't remember why though.
21                MR. DOWNING: I noted that I move to dismiss the
22    complaint as facially insufficient, your Honor agreed and
23    required that the People supersede today and they have not.
24    And therefore it should be dismissed.
25                THE COURT: What was the reason again.
```

1   MR. DOWNING: The complaint did not establish
2   probable cause that he had dominion or control over it. The
3   superseding information --
4   THE COURT: How do you say he has dominion or
5   control?
6   MR. BASSO: Judge, the defendant came into the
7   location and made --
8   THE COURT: If I come visit you and you have pot
9   in your living room, I am going to get charged, that is
10  what it says here.
11  Basically if you have marijuana in your living
12  room and I come into your home and then know, the police
13  are already in the home, I come in after the police and I
14  get charged for the marijuana that you are standing by.
15  MR. BASSO: The defendant made an admission
16  referenced in the complaint.
17  THE COURT: What he says is, that is what happens
18  when you let strange people into your apartment.
19  MR. BASSO: Into our.
20  THE COURT: Right.
21  MR. BASSO: So he is claiming dominion and
22  control over the apartment.
23  THE COURT: You guys are going to have to appeal
24  this. This is dismissed. No way, first of all even when
25  you are in a car there is no presumption of marijuana. You

1   are in the house, somebody is in your house, they bring
2   marijuana into your home in the bathroom use using the bats
3   room and drop marijuana on the floor and somebody you just
4   met at a bar drinks or what ever, I don't know the
5   circumstances.  The police come in there and then they see
6   the person closer to it, they see him come in after the
7   fact and yet because it is his place and that is why we
8   have a lot of these search warrant cases where you have --
9   the last time I did arraignments they must have had a
10  party, twenty people in the house, target was target A,
11  twenty people arrested and majority of those cases got
12  dismissed.  Yet alone twenty people were arrested.  The
13  person that was the target, of course, the People proceeded
14  with that case.  Just because somebody is in your home with
15  something that is why I said clean it up.  This statement
16  was, that is why you cannot let strangers into your house
17  and you shouldn't.
18          MR. BASSO: Yes, Judge, the strangers in your
19  apartment which corroborates the fact the defendant was
20  there at the scene when the police were there which also
21  corroborates marijuana was recovered from the location.
22          THE COURT: No, this is what you are not focusing
23  on.  Off the record.
24          (Whereupon, an off-the-record discussion was
25  held.)

1	THE COURT: I want to be clear and state this on
2	the record. I am dismissing it because it says here that I
3	am going to read the complaint, the deponent states at
4	above time and place the deponent observed the defendant in
5	a possibility of two ounces of marijuana in that the
6	deponent entered said location and observed the defendant
7	Jose Carlos on the floor and defendant Dushaine did enter
8	said location shortly thereafter. And then, deponent and
9	then the defendant says this is what happens when you let
10	strange people into our apartment. So, I asked the People
11	and they gave a response to supersede. Stay sealing thirty
12	days.
13	MR. BASSO: For the record the People oppose.
14	THE COURT: Okay the other case. Okay.
15	MR. BASSO: Judge, I had Detective Jones on must
16	appear for today. Detective Jones called me yesterday and
17	stated that there was some other case that he was involved
18	in that he didn't think that the department was going to
19	let him come here. So Detective Jones has not shown up
20	today . Is it possible to get a short date next week some
21	time to get this over with.
22	MR. DOWNING: We can get it over with today if
23	the People offer a violation, Mr. Ashley would take that.
24	THE COURT: What is the offer? Last time the
25	offer was a violation, time served.

PROCEEDINGS

1  MR. BASSO: The offer was a violation if he
2  would take both violations, being that one is dismissed.
3  THE COURT: Any offer today?
4  MR. BASSO: If we can get a short date.
5  THE COURT: Okay, do that.  What date?
6  MR. BASSO: Sometime next week.
7  THE COURT: Sure.
8  MR. BASSO: It will be reduced for a bench.
9  THE COURT: Wednesday the 23rd, thank you.
10 MR. DOWNING: Your Honor, for the record, there
11 is a pretty good amount of discovery missing. I did not
12 tell you at the hearing, oversight on my part.  Missing the
13 complaint report, any memo book entries.
14 THE COURT: The officer that testified at the
15 hearing?
16 MR. DOWNING: Yes.  All they have is the copy of
17 her arrest report.
18 THE COURT: You need the online booking and the
19 UF 61 scratch or typed and you don't have the memos.
20 MR. DOWNING: Correct.
21 THE COURT: Okay.
22 MR. BASSO: It is just the complaint, the 61.
23 (Continued on next page.)
24
25

```
 1              MR. DOWNING:  I don't have the 61.  Need the
 2   written and typed 61.
 3              THE COURT:  Okay.
 4   *         *              *            *.
 5              C E R T I F I C A T I O N
 6
 7              IT is hereby certified that the foregoing is
 8   a true and accurate transcript of the proceedings.
 9
10                         _____
11                         LISA MARIE LA BATE
12                         Official Court Reporter
```