UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUSHANNE ASHLEY,<br><br>    Plaintiff,<br><br>vs<br><br>DETECTIVE MIKE CIVIL, shield # 2114,<br><br>    Defendants. | 14-CV-05559 (MMH) |

## JOINT PRETRIAL ORDER

**Honorable MARCIA M. HENRY, District Magistrate Judge:**

  The undersigned attorneys affirm and declare that this Joint Pretrial Order is submitted in conformity with the Individual Motion Practices and Rules of United States Magistrate Judge Marcia M. Henry. Having conferred among themselves pursuant to Rule 16, Fed. R. Civ. P., the parties adopt the following statements, directions and agreements as the Pretrial Order, jointly, except as otherwise noted:

  *1. Caption*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUSHANNE ASHLEY,<br><br>    Plaintiff,<br><br>vs<br><br>DETECTIVE MIKE CIVIL, shield # 2114,<br><br>    Defendants. | 14-CV-05559 (MMH) |

  *2. Parties and Counsel:*

  **A. For Plaintiff:**

RICKNER PLLC
*Attorney for Plaintiff Dushane Ashley*
14 Wall Street, Suite 1603
New York, New York 10005
By:     David A. Zelman, Esq.
Tel: (212) 300-6506
rob@ricknerpllc.com

**B. For Defendant:**

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendant Det. Mike Civil*
Brian Francolla, Esq.
100 Church Street, Room 3-142
New York, New York 10007
Tel: (212) 356-3527
bfrancol@law.nyc.gov

### 3. *Jurisdiction:*

**Plaintiff:**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 in that it involves a federal question.

**Defendant:**

Defendant does not contest subject matter jurisdiction.

### 4. *Claims and Defenses:*

**Plaintiff's Claims**

Plaintiff has a fabrication of evidence claim un der 42 U.S.C. § 1983. The elements of this claim are: "an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[red] a deprivation of life, liberty, or property as a result." Ashley v. City of New York, 992 F.3d 128, 139 (2d Cir. 2021) (quotation omitted).

**Defendant's Defenses**

Defendant denies that he fabricated evidence in connection with plaintiff's arrest and prosecution, that any such evidence was forwarded to prosecutors and that plaintiff suffered any cognizable

deprivation of life, liberty or property as a result of his claims. In addition, defendant is entitled to qualified immunity.

   5. *__Damages:__*

Plaintiff claims damages for loss of liberty, psychological and emotional suffering, and infringement of constitutional rights. Plaintiff was damaged in an amount to be determined by a jury.

   6. *__Jury or Bench Trial:__*

Jury trial. The parties estimate 2-3 days to present the case.

   7. *__Stipulations:__*

None at this time.

   8. *__Witnesses:__*

**Plaintiff's Witnesses**:[1]

   A. Plaintiff Dushane Ashley

   Mr. Ashley is expected to testify as to his experience, detention, prosecution and injuries sustained as a result of the complained of incident and its aftermath.

   B. Chad Dauman, Esq. Brooklyn Defender Services

   Mr. Dauman is expected to testify with respect to his involvement in the criminal matter which is the subject of this litigation..

   C. Sallica "Lisa" Williams, 145 East 18th St. Brooklyn, NY 11226

   Ms. Williams is expected to testify with respect to her observations and experience on the date of the within incident and arrest and thereafter.

   D. Records Custodian, The Brooklyn District Attorney's Office

   Plaintiff will be calling a witness from the Brooklyn District Attorney's Office for the purposes of having the Early Case Assessment Bureau record admitted as a business record.

---

[1] Defendant reserves the right to call any witnesses listed by Plaintiff, and Plaintiff reserves the right to call any witnesses listed by Defendant.

**Defendant's Witnesses:**

1. Detective Mike Civil, Shield No. 2114, Narcotics Borough Brooklyn South, One Police Plaza, New York, NY 10038

    Detective Civil is expected to testify about the facts and circumstances surrounding plaintiff's arrest.

2. Detective Jason Jones, Shield No. 6496, Narcotics Borough Brooklyn South, One Police Plaza, New York, NY 10038

    Detective Jones is expected to testify about the facts and circumstances surrounding plaintiff's arrest

9. <u>**Deposition Testimony:**</u>

In the event that Chad Dauman, Esq. is not available for live testimony, Plaintiff will seek to have admitted his prior trial testimony in the place of live testimony.

In the event that Sallica Williams. is not available for live testimony, Plaintiff will seek to have admitted his prior trial testimony in the place of live testimony

The parties have not designated any deposition testimony to be offered at trial in lieu of live testimony. The parties reserve the right to use a deposition of a testifying witness for substantive or impeachment purposes, as authorized by Rule 32 of the Federal Rules of Civil Procedure and the Federal Rules of Evidence

10. <u>*Exhibits:*</u>

**Plaintiff's Proposed Trial Exhibits[2]**

| Desig. | Description of Exhibit | Basis for Objection |
|---|---|---|
| P1 | Certificate of Disposition dated July 30, 2014 | 402 – relevance<br>403 – prejudice, confusion |
| P2 | Dismissal Minutes, July 15 and | 402 – relevance |

---

[2] Defendant is mindful that several of plaintiff's proposed trial exhibits were ultimately introduced as evidence during the original civil trial absent any objection from defense counsel (specifically P1, P2, P5 and P6). To the extent plaintiff seeks admission in a similar fashion at the re-trial – through a proper witness at an appropriate time and for a relevant purpose – defense counsel will likely maintain the same position. In that regard, to the extent defendant has any substantive objections to plaintiff's exhibits – regardless of how he may seek to introduce same – it will be addressed *in limine*.

4

|   |   |   |
|---|---|---|
|   | 18, 2014 (subject to redaction of unrelated materials) | 403 – prejudice, confusion<br>802 – hearsay<br>901 – foundation |
| P3 | Complaint Room Screening Sheet / ECAB, 2 pages | 402 – relevance<br>403 – prejudice, confusion<br>802 – hearsay |
| P4 | Affidavit in Support of Search Warrant signed by defendant Civil | 402 – relevance<br>403 – prejudice, confusion, waste of time<br>802 - hearsay |
| P5 | Criminal Court Complaint dated April 19, 2013 | 403 – prejudice, confusion<br>802 - hearsay |
| P6 | Video taken on April 19, 2013 | 402 – relevance<br>403 – prejudice, confusion, waste of time<br>802 - hearsay<br>901 - authentication |
| P7 | Criminal Court of the City of New York Record of Court Action and Cover Sheet | 402 – relevance<br>403 – prejudice, confusion, waste of time<br>802 - hearsay<br>901 - authentication |
| P8 | Photo of "Roscoe" | 402 – relevance<br>403 – prejudice, confusion, waste of time<br>901 - authentication |

**Plaintiff's Potential Impeachment Materials**

| Desig. | Description of Exhibit | Basis for Objection |
|---|---|---|
| P9 | Deposition Testimony of Mike Civil dated November 4, 2015 |   |
| P10 | Trial Testimony of Mike Civil dated April 2, 2019 |   |

* Plaintiff reserves the right to use any of defendant's exhibits.

**Defendant's Proposed Trial Exhibits**

| Desig. | Description of Exhibit | Basis for Objection |
|---|---|---|
| D1 | Superseding Criminal Court Complaint, DEF000093 | |
| D2 | Memobook of Det. Civil – DEF00016a-19a | |
| D3 | Sprint Report 311 – DEF000314 | 402 – relevance<br>403 – prejudice, confusion, waste of time |
| D4 | Complaint Report – DEF000297-000298 | 402 – relevance<br>403 – prejudice, confusion, waste of time |
| D5 | Vouchered Marijuana from April 19, 2013 Arrest | 402 – relevance<br>403 – prejudice, confusion, waste of time<br>901 - authentication |

**Defendant's Potential Impeachment/Rebuttal Materials**

| Desig. | Description of Exhibit | Basis for Objection |
|---|---|---|
| D6 | Civil Complaint in this Action, dated September 22, 2014 | |
| D7 | Amended Civil Complaint in this Action, dated April 13, 2015 | |
| D8 | Plaintiff's Deposition Transcript, dated September 11, 2015 | |
| D9 | Plaintiff's Trial Testimony Transcript, dated April 2, 2019 | |
| D10 | Plaintiff's Responses to Defendants' First Set of Interrogatories and Request for Production of Documents, dated May 28, 2015 | |
| D11 | Plaintiff's RAP Sheet, DEF000344-000357 | 403, 608, and 609 – improper impeachment |
| D12 | Tammy Harris' Deposition Transcript, dated November 16, 2015 | 403, 608, and 609 – improper impeachment |
| D13 | Tammy Harris' Trial Testimony, dated April 1, 2019 | 403, 608, and 609 – improper impeachment |
| D14 | Statement of Allegations/Supporting | 403, 608, and 609 – improper impeachment |

|     | Deposition by Tammy Harris Pertaining to an Unrelated Incident between Her and Plaintiff, DEF000326 |                                              |
| --- | --- | --- |
| D15 | Orders of Protection Pertaining to an Unrelated Incident between Ms. Harris and Plaintiff, DEF000339-40 | 403, 608, and 609 – improper impeachment |
| D16 | Sallica Williams' Trial Testimony, dated April 1, 2019 |                                              |
| D17 | Property Clerk Invoices Pertaining to Plaintiff's April 19, 2013 Arrest, DEF000024-000027 | 403, 608, and 609 – improper impeachment |
| D18 | Marijuana Filed Test Report Pertaining to Plaintiff's April 19, 2013 Arrest, DEF0000028 | 403, 608, and 609 – improper impeachment |
| D19 | Lab Report Stemming from Plaintiff's April 19, 2013 Arrest, DEF000029-000030 | 403, 608, and 609 – improper impeachment |
| D20 | Command Log Entry Pertaining to Plaintiff's April 19, 2013 Arrest, DEF000014-000015 | 403, 608, and 609 – improper impeachment |

\* Defendant reserves the right to use any of plaintiff's exhibits.

## 11. *Motions in Limine*

**Plaintiff's Potential Motions in Limine:**

- A motion to exclude Plaintiff's criminal record for use in impeachment.
- A motion to preclude Defendant from inquiring as to Plaintiff's finances.
- A motion to preclude Defendant from implying that he will have to pay any award out of pocket.
- A motion to preclude Defendant from using a copy of his memobook; he must bring the original with the "fly sheet".

**Defendant's Potential Motions in Limine:**

- A motion to preclude Plaintiff from introducing specifics exhibits.
- A motion to preclude Plaintiff from inquiring into Defendant's disciplinary history or personnel files, prior lawsuits involving Defendant, and any disciplinary complaints or lawsuits against any non-party NYPD witness who may testify.
- A motion to preclude Plaintiff from pursuing certain lines of inquiry with his criminal defense attorney.

Dated: Kings, New York
June 12, 2023

RICKNER PLLC
*Attorney for Plaintiff Dushane Ashley*
14 Wall Street, Suite 1603
New York, New York 10005
Tel: (212) 300-6506

By: /s/ Rob R. _____
    ROB RICKNER

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendant Det. Mike Civil*
100 Church Street, Room 3-142
New York, New York 10007
Tel: (212) 356-3527

By: /s/ _____
    BRIAN FRANCOLLA

SO ORDERED:

_____
HONORABLE MARCIA M. HENRY
UNITED STATES MAGISTRATE JUDGE