14-CV-5559 (MMH)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DUSHANNE ASHLEY,

                                                  Plaintiff,

-against-

DET. MIKE CIVIL,

                                                  Defendant.

**DEFENDANT'S SUPPLEMENTAL MOTIONS *IN LIMINE***

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Brian Francolla*
*Tel: (212) 356-3527*

## PRELIMINARY STATEMENT

As Your Honor is aware, in advance of the original trial in this matter the Honorable Nicholas G. Garaufis resolved the parties' *in limine* disputes via an April 1, 2019 Opinion. See Ashley v. Civil, 14-CV-5559 (NGG) (SMG), 2019 U.S. Dist. LEXIS 56006. Defendant respectfully submits that the rulings made therein should remain applicable to the retrial in this matter. Accordingly, defendant only addresses three discrete issues that either were not raised *in limine* or arose during and/or after the original trial concluded. Specifically: (1) plaintiff should be precluded from introducing specific exhibits absent a sufficient evidentiary basis; (2) plaintiff should be precluded from asking questions or introducing evidence of the defendant's disciplinary history, personnel file or lawsuit history; and (3) plaintiff should be precluded from pursuing certain lines of inquiry with his criminal defense attorney.

## ARGUMENT

### POINT I

**PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING CERTAIN EXHIBITS ABSENT A SUFFICIENT EVIDENTIARY FOUNDATION**

The only exhibits listed by plaintiff in the parties' June 12, 2023 Joint Pretrial Order ("JPTO") that were not already ruled on by Judge Garaufis are Plaintiff's P3, P7 and P8. Regarding Plaintiff's P3, this was previously listed as an exhibit yet precluded as hearsay during the original trial. See Plaintiff's P3, annexed to the July 14, 2023 Declaration of Brian Francolla ("Francolla's Decl.") as Ex. A; Relevant Portions of the Original Trial Record, annexed to Francolla's Decl. as Ex. B (specifically pp. 73-77). Presumably in an effort to overcome that hearsay objection that precluded admission during the first trial, plaintiff has a listed a Records Custodian from the Brooklyn District Attorney's Office as a witness. Testimony from such a

witness may ultimately establish an appropriate foundation in whole or in part for this document to be admitted, however, defendant maintains their previously sustained objection pending such testimony.

Plaintiff's P7 is described as Criminal Court of the City of New York Record of Court Action and Cover Sheet.  See Plaintiff's P7, annexed to Francolla's Decl. as Ex. C.  While defendant does not challenge the authenticity of this document, the undersigned is unclear which listed witness is qualified to explain it and/or overcome potential hearsay issues regarding the various handwritten notations.  Accordingly, asbent a sufficient proffer from plaintiff as to the appropriate witness through whom this document will be admitted at trial along with the relevant purpose for any such admission, defendant substantively maintains his objection at this stage.

Plaintiff's P8 is described as a Photo of "Roscoe" – plaintiff's dog.  See Plaintiff's P8 annexed to Francolla's Decl. as Ex. D.  It is unclear to the undersigned what the purpose of admission of this document would be other than an attempt to gain sympathy from jurors by showing them a picture of an admittedly very cute dog.  Certainly, the topic of plaintiff's dog on the date in question will be the subject of aspects of his testimony and others, however, it is unclear how the jury will be assisted by also seeing a picture of plaintiff's dog.  Accordingly, defendant maintains his objection pending a proffer from plaintiff as to what the relevant purpose would be for admitting this document into evidence.

## POINT II

**PLAINTIFF SHOULD BE PRECLUDED FROM ASKING QUESTIONS OR INTRODUCING EVIDENCE OF THE DEFENDANT'S DISCIPLINARY HISTORY, PERSONNEL FILE OR LAWSUIT HISTORY**

Judge Garaufis reserved decision on this issue prior to the original trial since he did not have specific information relevant to the admission of any such evidence.  Ashley, 2019

U.S. Dist. LEXIS 56006, *26-28.  At trial, plaintiff's counsel sought to ask certain questions relevant to the topic and was precluded in response to sustained objections from defense counsel. See Ex. B, pp. 385-388.  To the extent plaintiff opposes the instant motion *in limine*, it is his burden to show that any prior bad acts would be admissible pursuant to Rule 404(b) or any other relevant Rule of Evidence.  Defense counsel is aware of no unrelated discipline that would warrant admissibility, however, in the event plaintiff disagrees he can set forth whatever he feels should be admissible in opposition to the instant motion.  Failure to do so should result in preclusion.  See Jaquez v. Flores (In re Estate of Jaquez), 2016 U.S. Dist. LEXIS 34521, at *11 (S.D.N.Y. Mar. 17, 2016).

      Assuming there is no admissible evidences in this regard, defendant would prefer the questions not even be asked to avoid inappropriate juror speculation on a prejudicial topic.  Similarly, if plaintiff's counsel wishes to reserve their right to raise certain issues if they feel the door is unexpectedly opened by the defendant's testimony, the undersigned can understand that position and as such, defendant simply requests that any such issue first be raised outside of the presence of the jury so that the undersigned can assert any objection and Your Honor can issue a ruling.

## POINT III

**PLAINTIFF SHOULD BE PRECLUDED FROM PURSUING CERTAIN LINES OF INQUIRY WITH HIS CRIMINAL DEFENSE ATTORNEY**

      The entirety of this testimony has been annexed hereto as part of Ex. B.[1]  See Ex. B, pp: 71-158.  Numerous objections were sustained where plaintiff's counsel sought

---

[1] While the specific witness who testified in the original trial differs from the one listed as a witness for the re-trial, my understanding is that the scope and purpose of the witness will largely, if not entirely, be the same.

inappropriate opinion testimony from a fact witness or to elicit hearsay evidence from the witness such as what he was told. To the extent plaintiff believes that Judge Garaufis erred in precluding certain lines of inquiry to his criminal defense attorney, defendant submits that it would be appropriate to resolve that issue before the re-trial.

## CONCLUSION

For the foregoing reasons, defendant Civil respectfully requests that the Court grant his supplemental motions *in limine* in their entirety, and such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	July 14, 2023

>								HON. SYLVIA O. HINDS-RADIX
>								Corporation Counsel of the
>								City of New York
>								*Attorney for Defendant Mike Civil*
>								100 Church Street
>								New York, New York 10007
>								(212) 356-3527
>
>						By:	           /s/
>								Brian Francolla
>								*Senior Counsel*
>								Special Federal Litigation Division

cc:	All Counsel of Record (by ECF)

4