14-CV-5559 (MMH)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DUSHANNE ASHLEY,

Plaintiff,

-against-

DET. MIKE CIVIL,

Defendant.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTIONS *IN LIMINE*

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Brian Francolla*
*Tel:  (212) 356-3527*

## PRELIMINARY STATEMENT

Defendant was under the impression that the parties would only be addressing specific issues that arose during the original trial or were never briefed rather than attempting to re-litigate issues that were already decided by the Honorable Nicholas G. Garaufis. Yet, according to plaintiff's supplemental *in limine* motion, it appears that he has a different impression. For efficiency sake, to the extent plaintiff is seeking to re-litigate issues already decided absent any reason to deviate from the prior ruling, defendant will simply rely on Judge Garaufis' decision. Should the Court wish for any more substantive briefing on any particular issue, defendant can promptly provide same.

## ARGUMENT

### POINT I

### ASPECTS OF PLAINTIFF'S CRIMINAL HISTORY SHOULD BE ADMISSIBLE TO THE EXTENT ALREADY DECIDED BY JUDGE GARAUFIS

Plaintiff's motion in this regard has already been granted in part and denied in part. See Ashley v. Civil, 14-CV-5559 (NGG) (SMG), 2019 U.S. Dist. LEXIS 56006, *7-11. Plaintiff declines to explain why deviation from Judge Garaufis' opinion is warranted or so much as acknowledge the decision in his briefing papers. Accordingly, defendant is prepared to proceed in accordance with that decision and would only seek to elicit precluded evidence or lines of inquiry should plaintiff somehow open the door. In the event defense counsel believes during trial that a door has been opened, we would first seek permission from the Court outside of the presence of the jury before inquiring into any prohibited line of inquiry.

## POINT II

### PLAINTIFF'S OBJECTION TO THE ADMISSIBILITY OF THE SPRINT REPORT HAS ALREADY BEEN OVERRULED

For the reasons already set forth by Judge Garaufis, the sprint report should be admissible. <u>Ashley</u>, 2019 U.S. Dist. LEXIS 56006, *18-19.  Here again, there is no explanation in plaintiff's moving papers for why the parties should deviate from Judge Garaufis' ruling.

## POINT III

### THE LIMITED INQUIRY AS TO PLAINTIFF'S FINANCES PERMITTED IN THE ORIGINAL TRIAL SHOULD BE PERMITTED IN THE RETRIAL

Plaintiff argues that during the prior trial he and his girlfriend were cross-examined extensively about his finances designed to imply that he was a drug dealer.  First, the inquiry on the issue was by no means "extensive" based on my review of the trial transcript.  <u>See</u> Relevant Portions of the Original Trial Record, annexed to the July 14, 2023 Declaration of Brian Francolla ("Francolla's Decl.") (specifically pp: 63-64, 230, 260-267 and 288-292).[1] Second, at no point either explicitly or implicitly from my review of the transcript did my predecessors in the original trial argue or so much as suggest that because plaintiff had more money than he could explain he was a drug dealer.  <u>Id.</u> (see also  generally pp: 412-454 for the parties' summations).  In this regard, plaintiff's opposition is devoid of any citation to a portion of the transcript where he feels this suggestion or argument was made.

The questioning as to plaintiff's finances arose for two reasons.  The first reason was that during his direct examination plaintiff claimed that he was working at the time of the

---

[1] Defendant has attached the entirety of the examinations in question as well as summations should the Court wish to review any additional portions for completeness.

arrest in question when his prior sworn testimony, as well as the testimony of his girlfriend, suggested the opposite.  Id.  The second reason was plaintiff's claim that he paid rent for two apartments – one of which he no longer lived in – without a source of income.  Defendant's contention is that plaintiff only lived at one address, the address where the search warrant was executed which also happened to include, among other things, plaintiff's belongings, a picture of him and a woman and his pets.  To the extent he and his girlfriend claimed that he contributed in some fashion to the expenses associated with her apartment in exchange for living there, defendant disputes this assertion.  To that end, the testimony was simply that he paid some amount of cash to her each month meaning there was no way to objectively verify whether he actually lived there.  Id.

Accordingly, the point of this rather limited inquiry was not that plaintiff had more money than he could explain so he must be a drug dealer.  Instead, the point was a valid impeachment of his testimony both specifically as to his volunteered employment status and generally as to his claim that he could afford the luxury of paying rent for two apartments without a source of income even though he claimed to no longer lived in one of them.  For the same reasons Judge Garaufis permitted such inquiry, defendant suggests that inquiry along the same lines should be permitted during the re-trial.

**POINT IV**

**EVIDENCE TO SUPPORT THE SEARCH WARRANT IS PLAINLY ADMISSIBLE**

It is not entirely clear from plaintiff's point on this issue what specifically he is seeking to preclude.  However, consistent with the original trial, defendant should be able to explain what lead to him obtaining the search warrant which resulted in plaintiff's arrest on April 19, 2013.  See Relevant Portions of the Original Trial Record, Francolla's Decl., Ex. A, pp: 307

– 319.  Considering that the evidence to support the search warrant largely consisted of the sprint report and knowledge from the search warrant executions which lead to plaintiff's arrests in November and December of 2012 – all of which, as noted <u>supra</u>, has already been deemed admissible – this point should similarly be denied.  To the extent plaintiff is seeking to preclude defendant from introducing the search warrant application itself, consistent with defendant's position in advance of the original trial (<u>Ashley</u>, 2019 U.S. Dist. LEXIS 56006, at *15) that is not something defendant intends to do.

**POINT V**

**THE EXHIBIT IN QUESTION WAS ALREADY ADMITTED OVER PLAINTIFF'S OBJECTION IN THE ORIGINAL TRIAL AND THERE IS NO BASIS TO REQUIRE ITS <u>ADMISSION IN A DIFFERENT FORMAT</u>**

As an initial matter, plaintiff objected to the admission of this exhibit (which included the fly sheet in question) during the original trial and after argument from both sides his objection was overruled.  <u>See</u> Trial Transcript, Francolla's Decl., Ex. A, pp: 205 – 209.  To the extent, without factual or evidentiary basis, plaintiff now for the first time demands the original version be brought to Court as a requirement for admission, that request should be denied.  First, the exhibit produced during discovery is not a photocopy.  It is a photo of the actual memo book itself.  <u>See</u> Defendant's Ex. D2, annexed to Francolla's Decl. as Ex. B.  Second, to the extent plaintiff seeks to generally rely on the best evidence rule, literal interpretation of it would result in preclusion of nearly every exhibit listed by both sides on the Joint Pretrial Order ("JPTO") almost all of which are copies of originals as is customary.  In fact, the photo of the actual memo book in question is likely the closest to an original of every exhibit included in the JPTO.  Last, plaintiff's argument as to the fly sheet is that defendant made up the statement and wrote it after the fact.  Presumably plaintiff would still pursue that argument even if he viewed the statement

4

while holding the original memo book as opposed to viewing a photo of it or even a photocopy. As such, and as was discussed in the original trial when this issue was resolved, plaintiff's concerns about the fabrication of the statement can best be addressed via cross examination. See Relevant Portions of the Original Trial Record, Francolla's Decl., Ex. A, pp: 205 – 209.

**POINT VI**

**DEFENDANT HAS NO INTENTION OF INTRODUCING EVIDENCE OF HIS ABILITY OR INABILITY TO PAY**

Consistent with how this issue is typically handled in cases such as these, defendant will not introduce evidence of his ability or inability to pay any damage award while plaintiff is similarly precluded from inquiring into the issue of indemnification. Ashley, 2019 U.S. Dist. LEXIS 56006, at *28-29.

**CONCLUSION**

For the foregoing reasons, defendant respectfully requests that the Court deny plaintiff's supplemental motions *in limine* in the manner set forth herein, and such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           July 21, 2023

                          HON. SYLVIA O. HINDS-RADIX
                          Corporation Counsel of the
                          City of New York
                          *Attorney for Defendant Mike Civil*
                          100 Church Street
                          New York, New York 10007
                          (212) 356-3527


          By:  _____/s/_____
                          Brian Francolla
                          *Senior Counsel*
                          Special Federal Litigation Division

5

cc:     All Counsel of Record (by ECF)