UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DUSHANNE ASHLEY,

            Plaintiff,

vs

DETECTIVE MIKE CIVIL, shield # 2114,

            Defendant.

14-CV-05559

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE***

Rickner PLLC
14 Wall Street, Suite 1603
New York, NY 10005

On the Brief:

Robert Rickner, Esq.

**TABLE OF CONTENTS**

**ARGUMENT**..................................................................................................................................1

    I.    ALL OF PLAINTIFF'S EVIDENCE SHOULD BE ADMITTED INTO EVIDENCE. ......1

    II.    PLAINTIFF WILL NOT INQUIRE ABOUT DEFENDANT'S DISCIPLINARY HISTORY UNLESS DEFENDANT OPENS THE DOOR. ........................................................1

    III.    THIS COURT SHOULD RESERVE ANY RULINGS AS TO THE SCOPE OF PLAINTIFF'S CRIMINAL DEFENSE ATTORNEY'S TESTIMONY UNTIL TRIAL............1

**CONCLUSION** ...........................................................................................................................2

Plaintiff Dushanne Ashley respectfully submits this Memorandum of Law in Opposition to the Defendant's Motions *In Limine*.

## ARGUMENT

I.     **ALL OF PLAINTIFF'S EVIDENCE SHOULD BE ADMITTED INTO EVIDENCE.**

*First*, Defendant is correct that Plaintiff will be calling a witness from the Brooklyn District Attorney's Office to have Exhibit P3 admitted, and to briefly explain the document.

*Second*, Plaintiff has an authenticated copy of the criminal court records, Exhibit P7, with a certification from the court stamped on each page, so this exhibit is self-authenticated and can be admitted into evidence, under Fed. R. Evid. 806 and 902.

*Third*, Plaintiff testified at the prior trial about his dog, and what the dog meant to him. The photo is a useful reference, and there is no reason to believe a jury will be unduly prejudiced by how cute the dog is.

II.     **PLAINTIFF WILL NOT INQUIRE ABOUT DEFENDANT'S DISCIPLINARY HISTORY UNLESS DEFENDANT OPENS THE DOOR.**

Plaintiff does not plan on inquiring into Defendant's disciplinary history, unless he opens the door. If, for example, Defendant submits testimony about how he has a flawless disciplinary history, or claims to have an exemplary record as a police officer, or the like, Plaintiff should be allowed to cross-examine him with any materials that contradict this testimony.

III.     **THIS COURT SHOULD RESERVE ANY RULINGS AS TO THE SCOPE OF PLAINTIFF'S CRIMINAL DEFENSE ATTORNEY'S TESTIMONY UNTIL TRIAL.**

Even a cursory review of Plaintiff's criminal defense attorney's prior testimony reveals objections being sustained for a variety of reasons. Some questions simply were not well phrased, or were asked without the proper foundation. Others may have been objectionable for more broad reasons. The prior judge's rulings rarely come with an explanation, only the word

"sustained", so it is not always possible to determine whether the judge found the entire line of questioning to be improper, or whether the judge thought the specific question was objectionable. It would, we submit, be inappropriate to broadly preclude any line of questioning based on this record, let alone preclude Plaintiff from inquiring into any area where any objection was sustained at the prior trial. Defendant's objections to this testimony—which have not even been specifically identified in the briefing—can be addressed at trial.

## CONCLUSION

For the reasons stated above, Defendant's motions *in limine* should be denied.

Dated: New York, New York
July 21, 2023

Rickner PLLC

By:         /s/

Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorneys for Plaintiff*

2