UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DUSHANNE ASHLEY,

                                             Plaintiff,

-against-

DET. MIKE CIVIL,

                                             Defendant.

------------------------------------------------------------------------ X

**PROPOSED JURY CHARGE**

14-CV-5559 (MMH)

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, defendant submits the following proposed jury instructions:[1]

### PART I: SUBSTANTIVE LAW[2]

**A.**  **The Statute, Its Function, and Elements of Claim for Relief**

Plaintiff asserts one claim pursuant to 42 U.S.C. § 1983.

In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

---

[1] Defendant intends to rely on the defense of qualified immunity. As the Court in Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007), and Stephenson v. John Doe, 332 F.3d 68 (2d Cir. 2003) has held, the issue of qualified immunity is one for the Court to determine as a matter of law. Thus, defendant respectfully submits that the jury should not be charged on qualified immunity. Defendant also respectfully submits that special jury interrogatories may be used to permit the jury to resolve the disputed facts upon which the Court can then determine, as a matter of law, the ultimate question of qualified immunity. Considering the principal factual disputes in this matter, special interrogatories may indeed be warranted. Defendant can address this issue further at the Court's direction.

[2] Defendant's proposed charge is limited to the elements of the claims, the damages sought and defenses in accordance with the Court's Individual Rules.

1

1) Defendant's conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

2) Defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain these elements to you.

1. **First Element: Deprivation of Constitutional Right**

First, plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendant. Specifically, the plaintiff must show, by a preponderance of the credible evidence, that (a) defendant committed the act alleged by plaintiff; (b) the alleged act caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the act alleged, defendant acted intentionally or recklessly.

   1. *Commission of Alleged Acts*

The first thing for you to determine is whether the defendant committed the acts alleged by plaintiff. If you find that plaintiff have failed to prove by a preponderance of the credible evidence that the defendant committed the acts alleged by plaintiff, you must find in favor of the defendant.[3]

   2. *Loss of a Constitutional Right*

If you determine that the defendant committed the act alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

In this case the plaintiff has brought the claim of denial of the right to a fair trial against the defendant Detective Mike Civil:

---

[3] Adapted from the instructions given by the Hon. Paul A. Engelmayer in Gabriel Diaz v. Lauren Diaz, et al., 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

I'll now explain this claim to you in more detail.

## DENIAL OF A RIGHT TO A FAIR TRIAL[4]

Plaintiff alleges that he was denied the right to a fair trial by defendant Civil. To succeed on a claim of denial of a fair trial against defendant Civil, plaintiff must prove each of the following elements by a preponderance of the evidence:

1) The defendant fabricated evidence;

2) The fabricated evidence was material, meaning it was likely to influence a jury's verdict. If you find that some piece of evidence was fabricated, but that evidence wouldn't have influenced the verdict in the plaintiff's criminal case, then you must find for defendant Civil.

3) The defendant forwarded that evidence to prosecutors; and,

4) Plaintiff suffered a deprivation of life, liberty, or property as a result.

Plaintiff must establish each of these elements to prevail on a claim of fabrication of evidence.

### 3.     *Intent*

As set forth above, to find a deprivation of a constitutional right for purposes of section 1983, a plaintiff must establish not only (a) that the defendant committed the acts alleged and (b) that those acts caused plaintiff to suffer the loss of a constitutional right, but also (c) that in performing the alleged acts, that the defendant acted intentionally or recklessly.

---

[4] Adopted from the instructions given by the Hon. Rachel P. Kovner in <u>Dennis Adams v. City of New York</u>, *et al.*, 18 CV 3401 (E.D.N.Y. – delivered on March 14, 2022).

An act is intentional if it is done knowingly — that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason. An act is reckless if done in conscious disregard of its known probable consequences.

In determining whether the defendant acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Finally, it is not necessary to find that the defendant specifically intended to deprive plaintiff of his civil rights in order to find in favor of that plaintiff. Again, plaintiff will have established a deprivation of a constitutional right for purposes of Section 1983 if you find that in performing the acts that caused the loss of plaintiff's constitutional right, the defendant acted intentionally or recklessly, as I have explained the meaning of those terms.

### 2.     Second Element:  Proximate Cause

The second element that plaintiff must prove is that defendant's acts were a proximate cause of the injuries plaintiff sustained. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by plaintiff. If you find that any of defendant's acts or omissions were a substantial factor in bringing about or actually causing plaintiff's injury, that is, if the injury was a *reasonably foreseeable* consequence of any of defendant's acts or omissions, then defendant's acts or omissions were a proximate cause of plaintiff' injuries. If an injury was a direct result or a reasonably probable consequence of defendant's acts or omissions, it was proximately caused by such acts or omissions. Stated another way, if a defendant's act or omission had such an effect in

producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of evidence, that their injury would not have occurred without the acts or omissions of one or more of the defendant. If you find that the defendant have proven, by a preponderance of the evidence, that plaintiff complain about an injury that would have occurred even in the absence of defendant's acts or omissions, you must find that the defendant did not proximately cause plaintiff' injury.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury. The defendant is not liable if he did not cause plaintiff' injuries or if plaintiff' injuries were caused by a new or independent source that intervened between the defendant's acts or omissions and plaintiff' injuries and produced a result that was not immediately foreseeable by defendant.

## PART III: DAMAGES
### General Instructions[5]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of his claims for relief, you must then decide if he suffered any injuries as a result of the violation of his rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages. You should not reach the issue of damages unless you find that the

---

[5] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

plaintiff has established liability on his claims. Also, just because I give you instructions on damages does not mean that I have any opinion about liability. It is for you alone to decide whether the defendant is liable to the plaintiff.

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages. I will explain the law concerning each of these types of damages to you.

## **Compensatory Damages[6]**

If you return a verdict for the plaintiff, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that they have proven by a preponderance of the credible evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendant. That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of

---

[6] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

actions by the defendant, and that are a direct result of conduct by the defendant that was a violation of plaintiff's rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of their rights at issue here. You may, however, compensate the plaintiff to the extent that you find that he was further injured by a defendant's violations of their rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

## Nominal Damages[7]

If you return a verdict in the plaintiff's favor, but find that he failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injury, then you must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

---

[7] Martin A. Schwartz & George C. Pratt, Section 1983 Litigation: Jury Instructions, Instruction § 18.03.1 (2005 Supplement).

Nominal damages may be awarded when as plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.[8] Therefore, if you find that the plaintiff has suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

## **Punitive Damages**[9]

## **Attorneys' Fees**[10]

Additionally, federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case. The award of attorneys' fees in such circumstances is a matter to be determined by the Court. Accordingly, if you award any damages to the plaintiff, you should not take into consideration the fees that the plaintiff may have to pay their attorneys.

---

[8] Smith v. Wade, 461 U.S. 30, 52-56 (1983).

[9] Defendant objects to a punitive damages charge as the evidence does not support any inference that the defendant acted wantonly or in willful disregard of plaintiff's rights. Should the Court deem a punitive damage charge appropriate, defendant reserves the right to submit further instructions addressing this claim.

[10] Adapted from the instructions given in Manigault, 11 CV 4307 (LAK).

## **Damages: Final Word**

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the evidence by plaintiff in this case according to the instructions I have given to you.

Dated:   New York, New York
         July 28, 2023

                                      HON. SYLVIA O. HINDS-RADIX
                                      Corporation Counsel of the
                                      City of New York
                                      *Attorneys for Defendant*
                                      100 Church Street
                                      New York, New York 10007

                                      /s/
                              By:   _____
                                      Brian Francolla

cc:     all counsel of record (by ECF)

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
```

| | |
|---|---|
| DUSHANNE ASHLEY, | **DEFENDANT' PROPOSED VERDICT FORM** |
| Plaintiff, | 14-CV-5559 (MMH) |
| -against- | |
| DET. MIKE CIVIL, | |
| Defendant. | |

```
------------------------------------------------------------------------ x
```

**Denial of the Right to a Fair Trial**

Question 1:

Has plaintiff proven by a preponderance of the credible evidence that he was denied the right to a fair trial by the defendant?

    Mike Civil        YES _____   NO _____

**If you answered "No" your deliberations are <u>finished</u>.**

**If you answered "Yes" as to either defendant please proceed to Question 2(a).**

Question 2(a):

Has plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of being denied the right to a fair trial?

Yes_____                              No_____

**If you answered "No" please proceed to Question 2(b).**

**If you answered "Yes" please proceed to Question 2(c).**

Question 2(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his denial of the right to a fair trial claim?

    $_____

**Your deliberations are <u>finished</u>.**

Question 2(c):

State the total dollar amount of any actual compensatory damages that plaintiff is entitled to on his denial of the right to a fair trial claim:

$_____

**Your deliberations are <u>finished.</u>**

Dated:  New York, New York
         July 28, 2023

                          HON. SYLVIA O. HINDS-RADIX
                          Corporation Counsel of the
                          City of New York
                          *Attorneys for Defendant*
                          100 Church Street
                          New York, New York 10007

                                    /s/
                    By:  _____
                         Brian Francolla

cc:  all counsel of record (by ECF)