UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUSHANNE ASHLEY,<br><br>                Plaintiff,<br><br>vs<br><br>DETECTIVE MIKE CIVIL, shield # 2114,<br><br>                Defendant. | 14-CV-05559 |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

      The following proposed jury instructions are submitted in accordance with this Court's April 21, 2023 Order. Plaintiff has not included standard instructions, such as instructions on preponderance of the evidence, or juror conduct, pursuant to this Court's Individual Rules. If additional instructions are needed, however, counsel will promptly provide them.

I.       **TESTIMONY OF OFFICERS**

In this case you heard the testimony of New York City Police Department officers. The testimony of a witness should not be believed solely and simply because the witness is a police officer. At the same time, a witness's testimony should not be disbelieved solely and simply because the witness is a police officer. You must evaluate a police officer's testimony in the same way you would evaluate the testimony of any other witness.[1]

---

[1] Adapted from the New York Criminal Jury Instructions, Credibility, available at http://www.nycourts.gov/judges/cji/1-General/cjigc.shtml

## II. SECTION 1983: THE STATUTE, ITS FUNCTION, AND ELEMENTS OF CLAIM FOR RELIEF

Plaintiff Dushanne Ashley has brough claims under 42 U.S.C. § 1983.[2] Section 1983 provides a remedy for individuals who have been deprived of rights, privileges and immunities that are secured by the Constitution. Pursuant to § 1983, Mr. Ashley must prove by a preponderance of the evidence that Defendant Detective Mike Civil:

1. Was acting under color of state law;

2. Deprived Plaintiffs of a right protected by the Constitution or laws of the United States; and

3. These actions were the proximate cause of the injuries and damages sustained by Plaintiff.

I will explain these elements to you.

### A. First Element: Under Color of State Law

The first element of Mr. Ashley's claim is that Detective Civil acted under color of state law. Detective Civil was acting in his capacity as a New York City Police Department detective, so this element of the claim has been proven.

### B. Second Element: Deprivation of a Constitutional Right

Mr. Ashley must show that Detective Civil intentionally or recklessly deprived him of a constitutional right, specifically, his right to due process of law. This means that Mr. Ashley must show, by a preponderance of the evidence, that: (a) Detective Civil committed the acts alleged by Mr. Ashley; and (b) these acts caused Mr. Ashley to suffer the loss of his constitutional right to due process of law.

---

[2] Adapted from *Greenaway, et al. v. County of Nassau, et al.*, 11-cv-02024 (LDH), ECF No. 124.

### C. Third Element: Proximate Cause

The third element that Mr. Ashley must prove is that Detective Ashley's acts were a proximate cause of the injuries sustained by Plaintiffs. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of a Detective Civil's actions.

### III. DUE PROCESS OF LAW

I will now discuss with the legal elements of the right to due process of law that Plaintiff Dushanne Ashley claims was violated. A person is deprived of their right to due process of law when: (1) investigating official (2) fabricated information (3) that would have influenced a jury, if the same fabricated information was ever submitted to a jury, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result.

Mr. Ashley has proven, as a matter of law, that Defendant Detective Mike Civil, an investigating official, signed a criminal complaint, knowing it contained a false statement that would have influenced a jury, and then forwarded that complaint to the prosecution. Therefore, Mr. Ashley has proven the first four elements of the claim. The only question for you is whether Mr. Ashley suffered a deprivation of life, liberty, or property as a result.[3] You should be mindful of the fact that being prosecuted based on fabricated information, alone, is a deprivation of liberty, even if Mr. Ashley was being prosecuted on any other charges at the same time.[4]

---

[3] This is taken from the Second Circuit's holding in *Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021).

[4] "The use of fabricated evidence in initiating a prosecution or at trial may amount to a deprivation of liberty even in the absence of a conviction based on the fabricated evidence and even when, as here, a plaintiff simultaneously was charged, detained, tried, and convicted for a separate offense. Barnes's prosecution for drug sale on the basis of allegedly fabricated evidence deprived him of liberty in violation of his right to due process. This is true even without reference to the time Barnes spent in pre-trial detention for both the drug sale charge and the drug possession charge." Barnes v. City of New York, 68 F.4th 123, 129–30 (2d Cir. 2023) (citing *Ashley*).

## IV. DAMAGES[5]

If you determine that Defendant Detective Mike Civil is not liable, then you must not consider damages. But if Plaintiff Dushanne Ashley has proven by a preponderance of the evidence that Detective Civil is liable, then you must determine the damages to which Mr. Ashley are entitled. However, you should not infer that Mr. Ashley is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide liability, and I am instructing you on damages only so that you will have guidance should you decide that Mr. Ashley is entitled to recover.

In determining the amount of damages, if any, that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. In making a decision about damages, you are to consider this case and this case only. The law does not require that Mr. Ashley prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

### A. Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendant's violation of a plaintiff's rights. These are known as "compensatory damages." Compensatory damages seek to make a plaintiff whole, that is, to compensate him or him for the damage suffered. Compensatory damages are not limited merely to expenses that a plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the pain and suffering, mental anguish, shock

---

[5] Adapted from *Greenaway, et al. v. County of Nassau, et al.*, 11-cv-02024 (LDH), ECF No. 124.

and discomfort that he or he suffered because of a defendant's conduct. In addition, Mr. Ashley is seeking damages for the loss of his liberty. Loss of liberty damages compensate an individual for, among other things, the loss of time, the loss of free movement and the loss of dignity resulting from an unlawful detention. Being wrongfully prosecuted is, in itself, a loss of liberty.[6]

I remind you that you may award compensatory damages only for injuries that Mr. Ashley proved were caused by Detective Civil's allegedly wrongful conduct. He may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of the rights at issue here. You may, however, compensate Mr. Ashley to the extent that you find that he was furthered injured by Detective Civil's violations of his rights. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Mr. Ashley has actually suffered resulting from a Defendant's actions or failure to act. However, should you find Detective Civil violated Mr. Ashley's rights, he is entitled to compensatory damages for his loss of liberty. He need not show any physical harm, embarrassment, or emotional suffering resulting from confinement to award loss of liberty damages. In all instances, as I stated previously, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

### B. Punitive Damages

Whether or not you award Mr. Ashley actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, if any, in the discretion of

---

[6] *See Barnes v. City of New York*, 68 F.4th 123, 129 (2d Cir. 2023) (citing *Ashley*).

7

the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

      You may award punitive damages if you find that the acts or omissions of Detective Civil were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. A plaintiff has the burden of proving, by a preponderance of the evidence, that a defendant acted maliciously or wantonly with regard to a plaintiff's rights.

      If you find by a preponderance of the evidence that Detective Civil acted with malicious intent to violate Mr. Ashley's federal rights or unlawfully injure them, or if you find that he acted with a callous or reckless disregard of Mr. Ashley's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary. That is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

      In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether a defendant may be adequately punihed by an award of compensatory damages only, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent Detective Civil from similarly wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider

whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those Detective Civil may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which Detective Civil should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter him, or persons like him, from committing wrongful acts in the future.