UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DUSHANNE ASHLEY,              :

                                        :

                      Plaintiff,       :

                                        :      <u>JURY INSTRUCTIONS</u>

     -against-                 :

                                        :      14-CV-5559 (MMH)

DETECTIVE MIKE CIVIL, *shield #2114*,  :

                                        :

                     Defendant.    :

------------------------------------------------------------x

**MARCIA M. HENRY**, United States Magistrate Judge:

      Members of the jury, now that the evidence in this case has been presented and the attorneys have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case. We are all grateful for the close attention that you have given to this case thus far. I ask that you continue to do so as I give you these instructions, but I will provide you with written copies later.

      My instructions will be in three parts:

      *First*, I will instruct you on the general rules that govern your duty as a juror in a civil case.

      *Second*, I will instruct you on the legal elements of Plaintiff's claims.

      *Third*, I will give you some important principles to guide your deliberations.

## I.   <u>GENERAL INSTRUCTIONS</u>

### A.   Role of the Court and Jury

Your duty is to find the facts from all the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law. You must apply the law, in accordance with my instructions, to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law.  You should not single out any one instruction as alone stating the law but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case. For example, on occasion, I may have asked questions of a witness. You should attach no special significance to these questions just because they were asked by the court. As another example, in the course of the trial it has been necessary for me to rule on the admission of evidence and on motions made with respect to the applicable law. You must not conclude from any such rulings that I favor any party to this lawsuit.

You should also not concern yourselves with or speculate about the content of any discussion that I had with the attorneys at sidebar. As I said, it is your function, not mine, to determine the facts.

**B.    Evidence**

You must determine the facts in this case based solely on the evidence presented or those inferences which can reasonably be drawn from the evidence. Evidence has been presented to you in the form of sworn testimony from the witnesses and exhibits that have been received in evidence by me. This includes a

3

stipulation of facts, which is an agreement among the parties that a certain fact is true. You must regard such agreed facts in the stipulation as true.

Evidence comes in two different forms: <u>direct</u> and <u>circumstantial</u>.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  For example, if you went outside on a particular day and saw that it was raining, your observation would be "direct evidence" that there was rain that day.

Circumstantial evidence, on the other hand, means evidence that is not direct, but which creates an inference about a conclusion by establishing a chain of events. For example, say you came to this courthouse on a sunny day.  After several hours in this courtroom with the window shades down, you saw two people entering the courtroom.  One of them was wearing a wet raincoat, while the other was shaking a wet umbrella.  You might infer from these circumstances that it had rained while you were here in court. This is circumstantial evidence of rain.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from an established fact the existence or nonexistence of some other fact.  An inference is not to be drawn by guesswork or by speculation.  You may not guess or speculate if there is no evidence on a particular point.

Circumstantial evidence is of no lesser value than direct evidence – you alone decide what weight to give all of the evidence.  The law make no distinction between direct and circumstantial evidence. Instead, it requires simply that you base your verdict on a reasonable assessment of all the evidence in the case.

Certain things are not evidence and are to be entirely disregarded by you in deciding what the facts are. This includes questions, statements, arguments, and opening and closing statements made by the attorneys. The objections you heard the attorneys raise in response to certain questions asked or to the exhibits that were presented are not evidence.  Additionally, any testimony that has been excluded, stricken, or which you have been instructed to disregard is also not evidence.

### C.    Witnesses

You have listened to the testimony of a number of witnesses. You are the sole judge of the credibility or believability of each witness and the weight to be given to his testimony.

In considering the weight and value of the testimony of any witness, you may take into consideration the appearance, attitude and behavior of the witness; the interest of the witness in the outcome of the case, if any; the relation of the witness to any party in the suit; the inclination of the witness to speak truthfully or not; the probability or improbability of the witness's statements; and all other facts and

5

circumstances in evidence. Thus, you may give the testimony of any witness exactly as much weight and value as you believe the testimony of the witness is entitled to receive.

Testimony of police officers must be treated the same way you treat that of any person. The uniform is entitled to no more or no less weight in deciding credibility and probative force.

In determining the weight to give to the testimony of any witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning an important fact, or whether there was evidence that at another time the witness said or did something that was different from the testimony the witness gave during trial. If you find that a witness has testified falsely as to a material fact, then you have the right to reject the entire testimony of the witness or to reject only part of the testimony, based upon how you view the truthfulness of the witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement during their testimony, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse

of memory. The significance of that misstatement may depend on whether it has to do with an important fact or with only an unimportant detail.

You alone decide what weight you give to the testimony of the various witnesses. If you believe that any witness has willfully or deliberately lied or testified falsely to any material fact for the purpose of deceiving you, you are justified in disregarding the entire testimony of such witness as proving nothing, as being unworthy of belief. Where the testimony is conflicting and irreconcilable, and the jury has no reason to suspect the credibility of the witnesses, then resort must be had to all other evidence in determining the preponderance of the evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses have testified to the contrary, if after considering all the other evidence you believe that single witness. You alone must determine the weight to give to any individual's testimony.

### D.     Interested Witnesses

All parties to an action are what we call "interested witnesses."

An interested witness is not necessarily less believable than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether

7

or not the testimony has been influenced, intentionally or unintentionally, by the witness's interest. You may, if you consider it proper under all of the circumstances, not believe the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness and may accept all or such part of his testimony as you find reliable and reject such part as you find unworthy of acceptance.

### E.   Burden of Proof

The burden of proof rests on the plaintiff. Plaintiff must establish by a fair preponderance of the credible evidence that the plaintiff's claim is true. The "credible evidence" means the testimony or exhibits that you find believable. A "preponderance of the evidence" means the greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight, and the effect that it has on your minds.

The law requires that in order for the plaintiff to prevail on a claim, the evidence that supports his claim must appear to you as more nearly representing what took place than the evidence opposed to his claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. It is only if the evidence

favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of the plaintiff.

In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all the witnesses regardless of who may have called them, and all exhibits that have been admitted in evidence, regardless of who may have produced them. However, remember that arguments, remarks, and summations of the attorneys are not evidence. Anything that I now say, or may have said, with regard to the facts, is not evidence.

### F.    Note-Taking by Jurors

You were permitted to take notes during the course of this trial. You may not show your notes to any other juror. You may not substitute your notes for your own recollection of the evidence in the case. Also, the fact that a particular juror has taken notes does not entitle that juror's views to greater weight than the views of any other juror. If, in the course of your deliberations, your recollection of part of the testimony should fail, you may request that a portion of the transcript of these proceedings be provided to you. Please be as specific as possible regarding what portion you wish to review.

9

### G.    No Sympathy or Bias

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy or prejudice as to any party. All parties are equal before the law and are entitled to the same fair consideration. The Court expects that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## II.    <u>SUBSTANTIVE LAW</u>

I will now turn to the second part of my instructions. In this part, I will instruct you as to the legal elements of Plaintiff's claims. That is, I'll instruct you about what Plaintiff has to prove. And then I'll instruct you about the law of damages.

Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983.  Section 1983 provides a remedy for individuals who have been deprived of rights, privileges, and immunities that are secured by the Constitution and federal statutes.  Plaintiff alleges that he was denied the right to a fair trial by Defendant, who allegedly fabricated evidence of a material nature against him.  Defendant denies this.

In order to prove a claim under Section 1983, Plaintiff must prove by a preponderance of the evidence that Defendant (1) was acting under color of state law; (2) deprived Plaintiff of a right protected by the Constitution or the laws of the

United States; and (3) proximately caused the injuries and consequent damages Plaintiff sustained.

Here, only two of the elements – whether Plaintiff's constitutional rights were violated and proximate cause – are in dispute in Plaintiff's claim.  I will explain these elements to you.

### A.    Deprivation of a Constitutional Right

To determine whether Plaintiff has established this element, you must first determine whether Defendant committed the acts alleged by Plaintiff. The law imposes liability on a defendant only if he subjects, or causes to be subjected, any person to the deprivation of a federal right. For a plaintiff to prevail on his claim against a defendant, he must show that the defendant in question was personally involved in causing a deprivation of his constitutional rights. Plaintiff must also show that Defendant's acts caused Plaintiff to suffer the loss of a constitutional right. I will provide more detail about the constitutional rights that Plaintiff alleges Defendant violated in this case in a moment.

### B.    Proximate Cause

The other element Plaintiff must prove in order for you to find Defendant liable for a claim under Section 1983 is that Defendant's conduct was a proximate cause of Plaintiff's injury and damages. An act is a proximate cause of an injury or

damages if it was a substantial factor in bringing about this injury, and if the injury was a reasonably foreseeable consequence of Defendant's acts.  A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

### C.    Claim for Denial of Fair Trial Due to Fabrication of Evidence

In this case, Plaintiff alleges that he was denied his right to a fair trial because Defendant fabricated evidence. The Fifth and Fourteenth Amendments of the Constitution protect individuals from being subjected to criminal charges based on false evidence that was deliberately fabricated by a law enforcement officer. In this case, Plaintiff alleges that Defendant fabricated evidence that deprived him of his rights: (1) by falsely stating that he saw Plaintiff sitting in the room where marijuana was recovered on April 19, 2013, and then forwarding that information to prosecutors, and (2) by telling prosecutors that Plaintiff said something to the effect of "this is what happens when you let strange people into our apartment."

To succeed on a claim of a denial of a fair trial against Defendant, Plaintiff must prove each of the following elements by a preponderance of the evidence: (1) Defendant fabricated evidence; (2) the fabricated evidence is likely to influence a

jury's verdict; (3) Defendant forwarded that information to prosecutors; and (4) Plaintiff suffered a deprivation of life, liberty, or property as a result.  Plaintiff must prove each of these elements. If Plaintiff fails to prove one or more of these elements, you must find in favor of Defendant.

For the fabrication element, Plaintiff needs to show by a preponderance of the evidence that Defendant knowingly made a false statement or omission.  I instruct you that as a matter of law, Plaintiff has proved that Defendant fabricated evidence when Defendant signed the first criminal complaint, which he knew falsely stated that he saw Plaintiff sitting in the room where marijuana was recovered on April 19, 2013.  You must also consider and decide whether Plaintiff has proved that Defendant fabricated evidence by telling prosecutors that Plaintiff said something to the effect of "this is what happens when you let strange people into our apartment."

The fabrication of false evidence, in and of itself, does not impair anyone's liberty, and therefore does not impair anyone's constitutional rights.  In order to find for Plaintiff, you must find that the fabricated evidence was of a material nature—in other words, likely to influence a jury's decision in Plaintiff's criminal case.  It does not matter whether Plaintiff's criminal case was tried by a jury.  It also does not matter whether the statement was provided to the prosecution in an inadmissible form, like in a criminal complaint.  What matters is whether the statement would be

13

likely to influence a jury's decision, if that same statement was presented to the jury in any other way.  If you find that some piece of evidence was fabricated, but that evidence would not have likely influenced a jury's decision in Plaintiff's criminal case, you must find for Defendant.

Plaintiff must also prove that the fabricated evidence was the proximate cause of the injury to his liberty interest.  In other words, Plaintiff must prove that he suffered a deprivation of liberty as a result of the alleged fabrication of evidence. Examples of liberty deprivations include court appearances, the payment of bail, a period of incarceration, or travel restrictions. A deprivation of liberty can be shown by post-arraignment court conferences. Even one additional court conference can constitute a deprivation of liberty. Additionally, being prosecuted based on fabricated information may be a deprivation of liberty even if Plaintiff was being prosecuted on any other charges at the same time.

### III.   <u>DAMAGES</u>

If Plaintiff has proven by a preponderance of the evidence that Defendant is liable on his claim of denial of a right to fair trial, then you must determine the damages Plaintiff is entitled to recover. However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am

instructing you on damages only so that you have guidance should you decide that plaintiff is entitled to recovery. If you return a verdict for Plaintiff, then you must consider the issue of damages. If you return a verdict for Defendant, then you will not consider damages.

In this case, Plaintiff seeks to recover compensatory damages and punitive damages, which I will explain further in a moment.

### A.    Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's right. If you find the defendant liable, as I have explained it, then you must award the plaintiff sufficient damages to compensate him for any physical, emotional, reputational, or financial injury proximately caused by the defendant's conduct.

These damages are known as "compensatory damages." Their purpose is to make a plaintiff whole—that is, to compensate him for the damage suffered. Compensatory damages are not limited merely to expenses that a plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort, or loss of earnings that he or she has suffered, or is reasonably likely to suffer in the near future, because

15

of a defendant's conduct. Although compensatory damages must not be based on speculation or sympathy, you may award damages to compensate a prevailing plaintiff for an intangible loss of liberty. You may award compensatory damages only for injuries that a plaintiff proved were proximately caused by a defendant's allegedly wrongful conduct.

The damages you award, if any, must be fair and reasonable, neither inadequate nor excessive. You may award damages only for injuries the plaintiff has suffered or is reasonably likely to suffer in the near future as a result of a defendant's misconduct.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem it appropriate from the facts and circumstances in evidence. If your verdict is in favor of the plaintiff, he will not be required to pay income taxes on the award and you must not add to or subtract from

the award any amount on account of income taxes.  In determining damages, you also may not consider the fees that Plaintiff may have to pay his attorneys.

### B.    Nominal Damages

Now I will tell you about nominal damages. The mere fact that a person has been deprived of a right is an injury to that person whether or not he can prove compensatory damages by a preponderance of the evidence. "Nominal damages" are awarded as recognition that a plaintiff's rights have been violated.

You should therefore award Plaintiff nominal damages in a sum not to exceed one dollar if you return a verdict for him but find that he failed to prove compensatory damages by a preponderance of the evidence.  You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

### C.    Punitive Damages

Plaintiff also seeks punitive damages in this case. If Plaintiff has proven by the preponderance of the evidence that Defendant is liable, then you may, but are

17

not required to, award punitive damages.  You may award punitive damages even if you award only nominal damages and do not award compensatory damages.

In order to be entitled to punitive damages, you must find that Plaintiff has clearly established that the acts of Defendant causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others. The purpose of punitive damages is to punish shocking conduct and to set an example to deter others from the commission of similar offenses in the future.

Punitive damages are not awarded as a matter of right but are awarded only if you find that the plaintiff has clearly proven that the defendant acted so outrageously and evidenced such a degree of malice or callousness that an example and deterrent needs to be provided to dissuade such conduct in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter. There are few solid guideposts in making that determination. You should consider questions such as: How offensive was the defendant's conduct? How much did you award in compensatory damages? Does the combined total of those damages seem appropriate in light of the nature and extent of the harm caused?

## IV.   **DELIBERATIONS**

I have now outlined for you the rules of law that apply to this case and the processes by which you weigh the evidence and decide the facts. In a few minutes you will retire to the jury room for your deliberations.

No member of the jury should attempt to communicate with me or with any court personnel by any means other than a signed writing from the foreperson.  When you go to the jury room, the first thing that you should do is select one of you as the foreperson, who will sign all notes to the court and hand them to the marshal or my courtroom deputy Ricardo Castro for me to read.  Once I read your note, I will have you return to the courtroom, so we can speak in person.

When you retire to the Jury Room, you will also be given the Verdict Sheet, which will contain a series of questions. You must answer these questions unanimously and based on the preponderance of the evidence.

The foreperson will write the unanimous answer of the jury in the spaces provided on the Verdict Sheet.  At the conclusion of your deliberations, the foreperson should check the Verdict Sheet carefully so that it accurately reflects the jury's verdict, sign and date the Verdict Sheet, and bring it to the courtroom when summoned.  The foreperson will be asked to read the Verdict Sheet in response to my questions.

In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but his or her vote is entitled to no greater weight than that of any other juror.

When you are in the jury room, listen to each other, and discuss the evidence and issues in the case among yourselves. Each of you as a juror has a duty to consult with one another and to deliberate with a view of reaching agreement on a verdict if you can do so without violating your individual judgment and your conscience. Remember, you must all agree on the verdict; your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember when you deliberate that the dispute between the parties is, for them, a very important matter. They and the court rely on you to give full and conscientious deliberation and consideration to the issues and evidence

before you. By so doing, you carry out to the fullest your oaths as jurors to try the issues of this case and render a true verdict.

Finally, remember that in a very real way you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case. We will make the exhibits available to you in the jury room. As I mentioned earlier, if you need to review the transcript of a portion of testimony, please send me a note. Please be as specific as possible regarding what portion you wish to review.

You will not discuss this case with anyone outside the Jury Room, including with your fellow jurors. You will only discuss the case when all the jurors are together, in the Jury Room, with no one else present, behind the closed door. At no other time is there to be any discussion about the merits of the case.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, or any aspect of your deliberations, until after you have reached a unanimous verdict. At that time, you should simply send me a note saying, "We have reached our verdict." You will be summoned to the courtroom, and I will take the verdict.

## V.   <u>CONCLUSION</u>

Members of the jury, your oath sums up your duty. That is, without fear or favor to any person, you will well and truly try the issues in this case according to

the evidence given to you in court, and the law as I have described it.  I thank you again for your service.

Now please remain seated, briefly, while I confer with the attorneys to see if there are any additional instructions which they would like to have me mention to you or if they would like to call my attention to anything I may not have covered in my previous statement.